Bennie SCHUCK, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 2–1179A364.

Court of Appeals of Indiana,
First District.

Nov. 25, 1980.

Rehearing Denied Jan. 9, 1981.

Robert J. Fink, Haymaker, Hirsch & Fink, Indianapolis, for defendant–appellant.

Theodore L. Sendak, Atty. Gen., John K. Silk, Deputy Atty. Gen., Indianapolis, for plaintiff–appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Bennie Schuck (Schuck) appeals his conviction in the Hamilton Circuit Court of arson in the second degree.

We reverse and remand with instructions.

## STATEMENT OF THE RECORD

Schuck was indicted for arson in the second degree by a Hamilton County grand jury on July 21, 1977, and was arrested on the same day. At the arraignment on August 22, 1977, following Schuck's entry of a plea of not guilty, the court set the cause for trial on February 9, 1978. On September 2, 1977, Schuck filed a motion for a change of venue from the county which was denied after hearing on October 7, 1977. On February 7, 1978, State filed and was granted a continuance for the purpose of further investigation; thereafter, on February 22, 1978, the court reset the trial for July 11, 1978. On July 6, 1978, State filed a second motion for continuance, alleging an essential witness, James Skaggs, would be on duty with the National Guard from July 6 to July 24; the motion was granted on July 7, a Friday. The record does not disclose that either Schuck or his attorney was present in court on July 6 and 7. Neither the motion nor the record discloses that a reasonable effort had been made to obtain the witness or evidence, what the evidence would be, or basis for the belief that the evidence could be obtained within ninety days. In the record of July 7, the court reset the trial for December 26, 1978. On July 11, the Tuesday following, Schuck filed objections to the continuance for "the reason that to grant a further continuance would violate the defendant's right to a speedy trial under the Sixth Amendment of the United States Constitution and Article 1, Section 12, of the Constitution of the State of Indiana."

On July 24, Schuck filed his first motion for discharge under Indiana Rules of Procedure, Criminal Rule 4(C); the motion was denied on August 16, 1978, without any reasons being stated therefor. On December 15, 1978, Schuck filed his second motion for discharge under C.R. 4(C). On December 26, 1978, the court, apparently *sua sponte*, reset the trial and stated in its record "the court having heretofore set the jury trial aside expecting a negotiated plea,

now does reset this cause ... on July 11, 1979." Thereafter, on December 29, 1978, the court denied Schuck's December 15 motion for discharge. Also on December 29, 1978, Schuck filed another objection to further delay of the trial which was not ruled upon until July 11, 1979, at the beginning of the trial, when it was denied.

## ISSUES

Nine issues are presented for review. However, for the disposition of this appeal it is necessary to address only Issue No. I which is as follows:

I. Whether the trial court erred in overruling Schuck's motions for discharge for delay in bringing Schuck to trial within one year in compliance with Ind.Rules of Procedure, Criminal Rule 4(C).

## DISCUSSION AND DECISION

Indiana Rules of Procedure, Criminal Rule 4(C) and (D) provide:

"(C) Defendant discharged. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last–mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged.

(D) Discharge for delay in trial–When may be refused–Extensions of time. If when application is made for the discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prison remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged."

The manifest purpose of C.R. 4(C) is to require State to bring a criminal defendant to trial within one year or forfeit its right to do so. Given the date of the indictment, State ordinarily would have been obligated to bring Schuck to trial by July 21, 1978. However, in a somewhat confusing argument State attempts to justify the delay and defend the resulting conviction by asserting that the one year limitation was extended by 35, 23, and 90 days.

State argues that Schuck is chargeable with 35 days of delay for the consideration of his motion for a change of venue, and that as a result of this delay the one year limitation was extended and the first motion for discharge, filed July 24, 1978, was premature. From this premise State further argues that the premature motion for discharge caused a 23–day delay chargeable to Schuck. Additionally, State asserts the one year limitation was extended 90 days by the granting of a continuance to procure an unavailable witness. State concludes its argument by asserting that Schuck waived his right to discharge by failing to make a timely objection to the trial date beyond the one year limitation.

There are numerous cases construing C.R. 4 and its predecessors. The burden is on State to bring a defendant to trial within one year, and C.R. 4(C) relieves State from that duty only for a delay caused by the defendant's own act, or a continuance had on the defendant's own motion. *Wilson v. State*, (1977) Ind.App., 361 N.E.2d 931. This duty is an affirmative one which rests upon State; the defendant has no obligation to remind the court of its duty. *Simpson v. State*, (1975) 165 Ind.App. 285, 332 N.E.2d 112. When delay is chargeable to the defendant the period fixed by the rule is extended only by the period of the delay. *Simpson, supra.* When a defendant learns, within the period provided by the rule that the case is set for trial at a

time beyond the date permitted, and the defendant makes no objection, he will be deemed to have waived the error. *Wilson, supra; Bryant v. State,* (1973) 261 Ind. 172, 301 N.E.2d 179. Objection to such trial setting must be made at the earliest opportunity. *State ex rel. Wernke v. Superior Court of Hendricks County,* (1976) 264 Ind. 646, 348 N.E.2d 644.

 Change of counsel on the eve of a trial can be a delay chargeable to the defendant, *Gross v. State,* (1972) 258 Ind. 46, 278 N.E.2d 583, but not of and to itself, for it is not chargeable unless actual delay results. *Simpson, supra.* Delay caused by a defendant's change of venue proceedings is chargeable to him, thus extending the time in which he must be brought to trial. *State ex rel. Garvin v. Dearborn Circuit Court,* (1972) 257 Ind. 631, 277 N.E.2d 370; *State v. Grow,* (1970) 255 Ind. 183, 263 N.E.2d 277. Likewise, a premature motion for discharge, and attendant appeal thereon is a delay chargeable to defendant. *State ex rel. Garvin, supra.*

The cases cited above charging against the defendant the delay caused by motions for change of counsel or change of venue all reflect that actual delay resulted. In *State v. Grow, supra,* the defendant moved for and was granted change of venue from the county at the onset of proceedings, thereby causing actual delay. In *State ex rel. Garvin, supra,* both the filing and granting of a motion for a change of venue and the filing of and hearing upon a premature motion for discharge caused actual delay in bringing the defendant to trial. In *Gross, supra,* the defendant's counsel withdrew within twelve days of the trial. The defendant arrived in court without counsel and there acquiesced in the appointment of counsel and in the granting of a continuance for preparation time, causing actual delay.

 Here, before any pleadings, procedures, or acts on the part of defendant were initiated, the court, on August 22, 1977, set the cause for trial on February 9, 1978. The motion for change of venue from the county was filed on September 2, 1977, and denied on October 7, 1977. Hence, no delay whatever was caused by any act of Schuck or was chargeable to him.

 With regard to State's argument that Schuck waived any error by failing to object to the trial date of December 26, we find that State misreads the record. State filed its motion for a continuance on July 6, and the court granted it on July 7, a Friday. The record contains a recital as follows: "Copy of above served on all parties in compliance with Rule 72(D). Martha Kapp." Ind.Rules of Procedure, Trial Rule 72(D) requires notice by mail. Schuck filed his objections to the continuance and trial setting beyond the one year requirement of C.R. 4(C) on July 11, the Tuesday following. Schuck was entitled to notice of the court's action before he was bound to file his objections. *Wilson, supra.* A weekend separated July 7 and July 11. He could not file it before Monday, and it is not shown that Schuck received notice of the court's action before Monday. Under the circumstances we hold that Schuck's objections were filed at the earliest opportunity. *See also, Pillars v. State,* (1979) Ind.App., 390 N.E.2d 679.

 State's argument that the premature motion for discharge was an act of Schuck causing delay is untenable. State filed its motion for continuance of the July 11 trial date on July 6. On July 7 the court sustained the motion and set the cause for trial on December 26, 1978. The motion for discharge was properly and timely filed on July 24.

In summary we hold that the motion for a change of venue was not a delay chargeable to Schuck. When State filed its motion for continuance which was sustained on July 7, 1978, and reset for trial on December 26, 1978, Schuck preserved his rights by filing an objection to the continuance on July 11. He then filed his first motion for discharge on July 24, three days after the expiration of one year. Such a motion was not premature. Finally, assuming *arguendo* the court properly continued the cause an additional 90 days from the time of the application for discharge in order for State

to procure the absent witnesses, at the expiration of 90 days, or October 23, Schuck was entitled to a discharge. Therefore his second motion for discharge filed on December 15 is well taken, and we hold the court erred in not granting it.

For the above stated reasons this cause is reversed and remanded, and the court is directed to enter an order discharging Schuck.

Reversed and remanded.

ROBERTSON, P. J., and RATLIFF, J., concur.