**Kathie BIGGS and Robert Orchard,
Defendants–Appellants,**

**v.**

**STATE of Indiana, Plaintiff–Appellee.**

No. 42A01–8905–CR–176.

Court of Appeals of Indiana,
First District.

Dec. 7, 1989.

Michael L. Walker, Hart, Bell, Deem, Ewing & Stuckey, Vincennes, for Kathie Biggs.

Terrell Maurer, Kimmell, Funk & Cummings, Vincennes, for Robert Orchard.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Kathie Biggs and Robert Orchard bring this interlocutory appeal to seek review of the trial court's refusal to dismiss the charges filed against them due to the State's failure to try them within the one (1) year period provided by Indiana Rules of Procedure, Trial Rule 4(C). We reverse.

## FACTS

On March 4, 1988, Biggs and Orchard were charged by information with Dealing in Cocaine [1] and Marijuana,[2] and were arrested on these charges on March 8, 1988. At the initial hearing Biggs and Orchard elected to be represented by the same attorney and a trial date was set for July 18, 1988.

On April 12, 1988, Biggs and Orchard filed a discovery request with the State. On May 18, 1988, the State requested an extension of time in which to comply with the discovery request. The trial court granted the State a fifteen (15) day extension and noted that this time was to be charged against the State.

On July 18, 1988, Biggs and Orchard filed a motion to preclude the testimony of the State's confidential informant after the informant failed to appear for a deposition scheduled for June 28 and the State indicated that the informant would not be available for depositions scheduled for June 29. In the alternative Biggs and Orchard requested that the trial court grant a continuance due to the unavailability of the confidential informant. The record is silent as to whether or not the trial court ever ruled on this motion. However, a pretrial conference was set for July 29, 1988.

On July 22, 1988, the State filed a petition requesting the trial court to certify that the confidential informant was a material witness presently outside the State of Indiana, and the state filed a motion requesting the trial court to set a date for

---

1. Indiana Code section 35–48–4–1.

2. Indiana Code section 35–48–4–10.

deposing this witness. The trial court granted these requests on July 29 and set the deposition dates for August 22 and 23, 1988. The witness did not appear for these depositions. On September 8, 1988, the State filed a document with the court stating that the confidential informant was arrested in Arizona on September 2, 1988, pursuant to a warrant issued by the State of Indiana, and that the informant was in the custody of Arizona authorities. Furthermore, the informant had waived extradition and was to be returned to Indiana by September 8, 1988.

On September 9, 1988, the defendants' counsel filed a motion to withdraw. A hearing was held on the matter on September 26. On September 27 the trial court set the cause for a pretrial conference to be held on September 30, 1989. On that date the defendants' counsel was allowed to withdraw based on a conflict of interest arising out of the defendants' marital problems and Biggs and Orchard were appointed new counsel. A trial date was set for November 14, 1988.

On October 5, 1988, attorney Terrell Maurer entered his appearance on behalf of Orchard and filed a discovery request and a motion to produce. On October 18 the trial court scheduled another pretrial conference for November 3. On October 21, 1988, Biggs' appointed counsel, John Gregg, filed and was granted a motion to withdraw due to his responsibilities in the State Legislature, and on October 24, Michael Walker was appointed counsel for Biggs. Walker entered his appearance at the November 3 pretrial conference. Also at this conference, the cases were assigned two separate cause numbers and the State was ordered to comply with the pending discovery requests within thirty (30) days. The trial date was continued to January 9, 1989.

On December 28, 1988, the court scheduled yet another pretrial conference for December 30, 1988, at which time the trial court noted that the State had yet to comply with the discovery requests and charged the delay from December 3 to the State. The trial court then "removed the case from the trial docket until such time as the Discovery ahs [sic] been completed." Record at 134.

On April 27, 1989, the State filed responses to the defendants' discovery requests. On May 1, 1989, pursuant to the State's motion, the trial court scheduled a pretrial conference for May 5. On May 3, 1989, the defendants objected to the State's request to set the cause for trial and filed a motion to dismiss based on their contention that due to the State's delay their trials did not take place within the one (1) year provided under Indiana Rules of Criminal Procedure, Trial Rule 4(C). On May 5 the trial court postponed the trial date from May 15, 1989 to May 18, 1989 due to congestion of the court's calendar. The trial court denied the defendants' motions to dismiss on May 10, 1989, and affirmed the May 18 trial date for Biggs and set a trial date of May 23, 1989, for Orchard. Orchard's trial date was set for a later date again due to congestion of the court's calendar. Biggs and Orchard then gained certification pursuant to Indiana Rules of Procedure, Appellate Rule 4(B)(6)(c) for an interlocutory appeal of the trial court's refusal to dismiss the charges pending against Orchard and Biggs based on the State's alleged violation of C.R. 4(C).[3]

### ISSUE

Did the trial court err in refusing to dismiss the charges pending against Biggs and Orchard?

### DISCUSSION AND DECISION

Biggs and Orchard contend that the charges pending against them should have been discharged by the trial court due to the State's failure to try them within one (1) year as required under C.R. 4(C). The State disputes this contention claiming that the delay was excusable for a number of reasons each of which we will address separately.

C.R. 4(C) reads as follows:

---

3. These cases were consolidated for appeal purposes on June 20, 1989, by order of this court.

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged."

The purpose of this rule is to require the State to bring a criminal defendant to trial within one (1) year or forfeit its right to do so. *Schuck v. State* (1980), Ind.App., 412 N.E.2d 838, 840. The State's duty to try the defendant within one (1) year is an affirmative duty and the defendant is under no obligation to remind the State of its duty. *Id.* Under C.R. 4(C) no person shall be held on recognizance or otherwise to answer a criminal charge for more than one year from the date the criminal charge is filed, or from the date the defendant is arrested, whichever comes later. *State v. Criminal Court of Marion County* (1979), 270 Ind. 687, 689, 389 N.E.2d 21, 23. In the present case Biggs and Orchard were charged on March 4, 1988, but were not arrested until March 8, 1988. Therefore the one-year period provided for in C.R. 4(C) began on March 8, 1988. To be in compliance with the rule, the State would have been obligated to bring Biggs and Orchard to trial by March 8, 1989. However, the final trial date for Biggs was set for May 18, 1989. Therefore, it appears that the State violated the provisions of

C.R. 4(C) by setting Biggs' trial date for seventy-one (71) days beyond the one-year period allowed. The final trial date for Orchard was set for May 23, 1989, violating the provisions of C.R. 4(C) by seventy-six (76) days.

However, the State argues that portions of this delay were caused by five (5) factors which serve to excuse the delay. These factors are:

(1) the defendants' July 18, 1988, motion for a continuance;

(2) the unavailability of the confidential informant;

(3) the change in defense counsel;

(4) the defendants' acquiescence in the State's failure to bring them to trial within one (1) year of their arrest; and

(5) the congestion of the trial court's docket.

The defendants charge that the reason the trial was delayed so long was because of the State's failure to comply with the defendants' discovery requests.

 The State first claims that Biggs and Orchard should be charged with any delay resulting from their July 18, 1988, motion for a continuance. While it is true that generally a defendant is chargeable with delay occasioned by his own request for a continuance, *State v. Tomes* (1984), Ind.App., 466 N.E.2d 66, 69; *see also Lyons v. State* (1982), Ind., 431 N.E.2d 78, 79–80, C.R. 4(C) relieves the State from the duty to bring the defendant to trial within one (1) year only for a delay caused by the defendant's own act. *Schuck*, 412 N.E.2d at 840. The State characterizes the defendants' July 18, 1989, motion for a continuance as an event brought about by the defendants causing an indefinite delay. The State then urges this court to charge a delay continuing through at least August 22, the day set for deposing the confidential informant, against the defendants. This we will not do.

We first note that the defendants' motion for a continuance was never ruled upon by the trial court. Secondly, the July 18 motion was filed in conjunction with a motion to preclude the testimony of the confiden-

tial informant who failed to appear for depositions scheduled for June 28, 1989. The motion for a continuance, requested in the alternative, asked only that the trial be delayed until such time as the defendants' discovery requests were complied with by the State, so that the defendants would be adequately prepared for trial. The right to a speedy trial is guaranteed by Art. I, sec. 12 of the Indiana Constitution and the importance of pretrial discovery is reflected in Indiana case law. *See Campbell v. State* (1986), Ind., 500 N.E.2d 174, 182, (The objective of pretrial discovery is to promote justice and to prevent surprise by allowing the defense adequate time to prepare its case.); *Wiseheart v. State* (1986), Ind., 491 N.E.2d 985, 990, (The purpose of a pretrial discovery order is to enhance the accuracy and efficiency of the fact finding process.); and *Borst v. State* (1984), Ind.App., 459 N.E.2d 751, 752, (The purpose of discovery is to provide both parties with the maximum possible amount of information with which to prepare their case before trial.). To put the defendants in a position whereby they must either go to trial unprepared due to the State's failure to respond to discovery requests or be prepared to waive their rights to a speedy trial, is to put the defendants in an untenable situation. Therefore, we will not charge the defendants with any delay that may appear to have resulted from the July 18, 1989, motion for a continuance.

■ The State next argues that the one-year period stated in C.R. 4(C) must be extended in the present case due to the unavailability of the confidential informant. In support of this position, the State cites C.R. 4(D) which reads:

"*If when application is made for discharge of a defendant* under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged."

(emphasis added). The State's reliance on C.R. 4(D) as authority for extending the one-year period in the present case is in error. This provision, as clearly stated in the introductory clause to section D, is applicable only where the witness is unavailable when the application for discharge is made. The witness in the present case was available to testify at the time the defendants filed their respective motions for discharge; therefore, C.R. 4(D) is inapplicable to the present situation. Furthermore, in order to gain an extension under this provision the State would be required to show that the witness was unavailable through no fault of its own and that the State had put forth reasonable effort in an attempt to secure the witness. On September 8, 1988, the State filed a document in which the State noted that the witness was in custody in Arizona and in which the State claimed that it was reasonably believed that the witness would be available in Indiana by September 8, 1988. However, at no time subsequent to September 8, did the State attempt to explain the continued absence of the confidential informant, nor did the State make a showing as to what steps were being taken to make the informant available for depositions. Under these circumstances, we fail to see how C.R. 4(D) can be invoked to extend the one-year limit in the present case.

■ The State next argues that a certain portion of the delay is attributable to the defendants because they changed counsel during the pending of the trial. Delay caused by a change of counsel will be charged to the defendant only where actual delay results. *Schuck,* 412 N.E.2d at 841. In our opinion, Biggs and Orchard caused no delay in hiring new counsel. The defendants' original counsel withdrew on September 30, 1988, and on that date a trial date was set for November 14, 1988. Orchard's new counsel entered his appearance on October 5 and Biggs' new counsel entered his appearance at the November 3, 1988, pretrial conference. Neither attorney requested a continuance on behalf of his client. While the trial date was re-

scheduled for January 9, 1989, it appears that the case was continued due to the State's failure to comply with the defendants' discovery requests as evidenced by the court's order requiring the State to comply with the discovery requests within thirty (30) days. Therefore, we find that the defendants' change of counsel did not result in a delay and cannot be used to extend the period articulated in C.R. 4(C).

The State next contends that the defendants acquiesced in the State's failure to bring them to trial within one (1) year of their arrest, and that, therefore, the defendants have waived their right to discharge. The State is mistaken. As stated previously in this opinion, the State's duty to try the defendant within one (1) year is an affirmative duty and the defendant is under no obligation to remind the State of its duty. *Schuck*, 412 N.E.2d at 840. However, once a trial date is set beyond the one-year limit provided for in C.R. 4(C), the defendant must file a timely objection to the trial date or waive his right to a speedy trial. *Randall v. State* (1983), Ind., 455 N.E.2d 916, 922. In the present case the trial court, on December 30, 1988, removed the case from the trial docket until the State complied with the defendants' discovery requests. On April 27, 1989, the State finally filed its response and on May 1, 1989, pursuant to the State's motion, the trial court scheduled a pretrial conference for May 5. On May 3, 1989, the defendants objected to the State's request to set the cause for trial. Therefore, we hold that the defendants filed a timely objection to the scheduling of a trial date beyond the one-year limitation provided for in C.R. 4(C).

The State also attempts to persuade this court, in a one paragraph summary argument, that the defendants' objection to the trial date was premature. Because the State fails to support this proposition with cogent argument or proper citation, we consider the issue waived on appeal. *See* Indiana Rules of Procedure, Appellate Rule 8.3. We note however, that considering the one-year period was exhausted as of March 8, 1989, we fail to see how an objec-tion filed on May 3, 1989, could be deemed premature.

Finally, the State argues that delays caused by congestion of the trial court docket constitute excusable delays. The State is correct. *See Gee v. State* (1988), Ind., 526 N.E.2d 1152, 1153; *Young v. State* (1988), Ind., 521 N.E.2d 671, 673. The cause may be continued due to congestion of the trial docket on the motion of the State or the trial court itself. *Young,* 521 N.E.2d at 671. The reasonableness of the delay must be judged in the context of the circumstances, and the trial court's decision will not be disturbed absent an abuse of discretion. *Id.*

In the present case the trial court noted in the record that the final continuance from May 15, 1989, to May 18, 1989, for Biggs and to May 23, 1989, for Orchard, resulted from congestion of the docket. Therefore, we find three (3) days out of the seventy-one (71) day delay in trying Biggs to be excusable, and eight (8) days out of the seventy-six (76) day delay in trying Orchard to be excusable. Because all other delays are chargeable to the State and the defendants were not tried within one-year of their arrest, the trial court erred in denying the defendants' motion for discharge pursuant to C.R. 4(C).

Reversed.

BAKER and BUCHANAN, JJ., concur.