Laymon R. MARSHALL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 25A03–0105–CR–139.

Court of Appeals of Indiana.

Dec. 13, 2001.

James O. Wells, Jr., Wells Laws Office, P.C., Rochester, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Laymon R. Marshall filed this interlocutory appeal to challenge the denial of his motion for discharge under Indiana Criminal Rule 4(C). He contends that the trial court erred in denying his motion because his trial was scheduled for 49 days beyond the one-year limit of Criminal Rule 4(C). Because we find that the trial court erroneously denied Marshall's motion, we reverse.

### Facts and Procedural History

The State charged Marshall with Child Molesting, a Class C felony[1] on March 7, 2000.[2] At the initial hearing, the court ordered the State to provide discovery to Marshall within 30 days. Two days later, Marshall filed another motion for discovery requesting the "opportunity to sample or test any blood, hair, semen, other physical exidence [sic] taken by search warrant or otherwise." Appellant's App. P.27. Marshall moved for an immediate hearing on discovery issues that the trial court denied as being premature. Marshall renewed his motion for discovery on March 28, 2000. On April 27, 2000, Marshall filed a Request for Early Release of Information Concerning DNA. Specifically, Marshall requested 32 items involving the DNA evidence.

The trial court set the case for pre-trial conference on August 16, 2000, and for trial to begin on August 30, 2000. On August 2, 2000,[3] Marshall filed a Motion for Continuation of Trial. In part, the

---

1. Ind.Code § 35–42–4–3(b).

2. We hereby deny Marshall's Motion for Oral Argument.

3. We note that the Chronological Case Summary (CCS) indicates that the motion was filed August 3, 2000. However, the motion

---

motion stated that "[i]t is not now possible for the Defendant to investigate and properly prepare for the trial. . . . Such preparation would include DNA testing and further examination of physical evidence by the Defendant." Appellant's App. P.76. The trial court granted the motion and set the case for trial on October 5, 2000.

On September 12, 2000, the trial court's chronological case summary (CCS) states that the parties appeared and "[t]rial now continued to commence at 8:30 a.m. on 11–21–00 in order for State to provide discovery in regards to DNA testing performed by the State." Appellant's App. P.3.

On November 15, 2000, the State filed a Motion to Continue because:

[T]he defendant has requested detailed information concerning the process and procedures for the State's DNA analysis of critical physical evidence in this cause and the State has been unable to comply with that request in a timely manner.

Appellant's App. P.79. The trial court granted the motion and set the case for trial to begin on March 7, 2001, and final pretrial on February 22, 2001. The pretrial conference was not held on February 22, 2001. Instead, the prosecutor and defense attorney met informally. The prosecutor told the defense attorney that the March 7, 2001 trial would not occur. The defense attorney thought that the trial was not going to proceed due to the State's failure to provide discovery.

The next CCS entry, which is dated April 9, 2001, states:

included in the record is file-stamped August 2, 2000. We use the file stamped date of August 2, 2000. *See In re D.L.M.,* 725 N.E.2d 981, 984 n. 2 (Ind.Ct.App.2000) (relying on the file-stamped date on a petition when the CCS date and the file-stamped date on the petition were different).

This entry is made to reflect that prior to the March 7, 2001 trial date the State requested resetting of this cause due to congestion of the calendar and availability of the courtroom caused by the change in the Superior Court judge, the former deputy Prosecutor, and the consequent shifting of cases to the Circuit Court Judge. The motion was granted due to said congestion and final pretrial conference is set for April 11, 2001 at 1:15 p.m. and trial by jury to commence at 9:00 a.m. on April 25, 2001.

Appellant's App. P.3. Marshall's attorney received a copy of the proposed minute entry in the prosecutor's handwriting on April 10, 2001.

On April 11, 2001, Marshall filed a Motion for Discharge because April 25, 2001, is 49 days beyond the one-year limit provided for under Criminal Rule 4(C). The trial court denied his motion. This appeal followed.

### Discussion and Decision

Marshall contends that he should have been discharged because the State failed to bring him to trial within one year in violation of Criminal Rule 4. We agree. Criminal Rule 4 provides for the discharge of defendants when the State delays in bringing a defendant to trial. Specifically, Criminal Rule 4(C) provides that:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule.... Any defendant so held shall, on motion, be discharged.

Marshall was arrested on March 2, 2000. Marshall was charged on March 7, 2000. Thus, the one-year period under Criminal Rule 4(C) began to run on March 7, 2000. To comply with the rule, the State needed to bring Marshall to trial by March 7, 2001. Yet, the final trial date for Marshall was set for April 25, 2001. This was 49 days beyond the one-year period provided for under Criminal Rule 4.

▮ The State's duty to try the defendant within one year is an affirmative duty and the defendant is under no obligation to remind the State of its duty. *Biggs v. State,* 546 N.E.2d 1271, 1276 (Ind. Ct.App.1989). However, when a trial date is set beyond the one-year limit provided under Criminal Rule 4(C), the defendant must file a timely objection to the trial date or waive his right to a speedy trial. *Id.* In addition, if a defendant "seeks or acquiesces in any delay which results in a later trial date, the time limitations of the rule are also extended by the length of those delays." *Wooley v. State,* 716 N.E.2d 919, 924 (Ind.1999), *reh'g denied.* Whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee is a determination that "largely depends on the specific circumstances of the case." *Wheeler v. State,* 662 N.E.2d 192, 193 (Ind.Ct.App.1996). We find that none of the delay in bringing Marshall to trial was chargeable to him for purposes of Criminal Rule 4(C).

▮ First, Marshall argues that the trial court erroneously charged him with the delay that resulted from the continuation of the August 30 trial date. In particular, he maintains that the delay should be charged to the State due to its failure to

provide discovery. Specifically, he sought the initial continuance on August 2, 2000, because "It [was] not [then] possible for the Defendant to investigate and properly prepare for the trial which [was] presently set for August 30, 2000. . . . Such preparation would include DNA testing and further examination of physical evidence by the defendant." Appellant's App. P.76.

■ Regarding the continuation of the August 30 trial date, we agree with Marshall. Generally, a defendant is responsible for any delay caused by his action including seeking or acquiescing in any continuance. *Wheeler*, 662 N.E.2d at 193. However, a defendant cannot be charged with the delay if the defendant made his motion because the State failed to comply with a discovery request. *Harrington v. State*, 588 N.E.2d 509, 511 (Ind.Ct.App. 1992) (citing *Biggs v. State*, 546 N.E.2d 1271, 1274 (Ind.Ct.App.1989)). In this instance, Marshall filed his motion for a continuance on August 2, 2000, because he could not prepare for trial without the DNA evidence from the State. The trial court granted this request and reset the trial to October 5. Thus, the State's failure to respond to his discovery request caused this delay and as such, Marshall is not accountable for the delay of the August 30, 2000 trial date.

Nevertheless, the State asserts that Marshall should be assigned this delay because the State did not have the information Marshall requested, Marshall's access to the information was equal to that of the State, and Marshall requested the continuance in order to perform his own analysis of the evidence. We cannot agree with the State. To support the proposition that the State could not turn over materials it did not possess, the State relies on *Denney v. State*, 695 N.E.2d 90 (Ind.1998). In *Denney*, sixteen days after the defendant killed a man, a blood sample was taken

from the defendant. At the time of trial, the State had not received the results of the blood test. The State received the results four days after the defendant's trial. On appeal, Denney contended that the results of the blood test were newly discovered evidence entitling him to a new trial. The supreme court held that the blood test results were not newly discovered evidence requiring a new trial because Denney failed to carry his burden that the results would probably change the outcome and failed to show that he exercised due diligence in discovering the results. In particular, the court noted that Denney knew all along that the State had drawn his blood for testing, but had not pursued the results. Denney did not seek to perform his own analysis of the blood, did not request that the results be expedited, and did not move for a continuance based on the lack of the results. The present case is distinguishable from *Denney*. Marshall sought to perform his own analysis of the State's DNA evidence. He also moved for early release of the DNA evidence and a continuance because he had not received the test results. Thus, Marshall actively pursued the evidence and the holding in *Denney* is not controlling in this case.

The State also relies on *Potts v. Williams*, 746 N.E.2d 1000, 1003 (Ind.Ct. App.2001) for the proposition that Marshall is not entitled to DNA evidence because he has equal or better access to the evidence than the State. *Potts* was a medical malpractice case. Dr. Potts hired Dr. Nocon as his expert witness. Williams planned to cross-examine Dr. Nocon using depositions and trial transcripts from other cases with injuries similar to Williams where Dr. Nocon had also been a witness. Potts moved to compel Williams to provide copies of the materials. The trial court denied the motion and Potts appealed. On appeal, we held that the trial court proper-

ly denied the motion because Potts was in an equal if not better position to obtain these materials than Williams. Specifically, we concluded that the copies of depositions and trial transcripts of Dr. Nocon's previous testimony were Williams' work-product and therefore, not discoverable. In the present case, by contrast, Marshall sought evidence that was not created by his own expert. Marshall was at the mercy of the State to provide him with the DNA evidence. Thus, *Potts* is distinguishable and is not persuasive authority for this case.

Essentially, the State invites us to examine this continuance in isolation, without considering the events that follow. This we cannot do. The CCS entries as well as the pleadings of the State and Marshall made after the continuance of the August 30, 2000 trial date consistently attribute the subsequent delays to the State's failure to provide discovery. The court's CCS entry of September 12, 2000 is particularly convincing. It continues the October 5, 2000 trial date to November 21, 2000, so that the State may provide the DNA discovery results to Marshall. Based on the repeated continuances made in order that the State could provide Marshall with discovery, Marshall was being asked to either waive his rights to a speedy trial or proceed to trial unprepared. This is a decision a defendant should not be forced to make. *See Biggs,* 546 N.E.2d at 1275. Accordingly, this continuance is not chargeable to Marshall.

◼ Second, Marshall argues that the delay from September 12, 2000 to November 21, 2000, is not chargeable to him. We agree. Regarding the September 12, 2000 continuance, the CCS entry states that:

> Parties appear. Trial now continued to commence at 8:30 A.M. on 11–21–00 in order for State to provide discovery in regard to DNA testing performed by

the State. Final pretrial conference is set for 11–16–00 at 9:00 a.m.

Appellant's App. P.3. This entry attributes the continuance to the State's failure to provide discovery to the defendant. Holding the State accountable for this delay is consistent with our holding in *Biggs v. State,* 546 N.E.2d 1271 (Ind.Ct.App.1989). As we noted in *Biggs:*

> [t]o put [a defendant] in a position whereby [he] must either go to trial unprepared due to the State's failure to respond to discovery requests or be prepared to waive [his right] to a speedy trial, is to put the defendants in an untenable situation.

*Id.* at 1275. Consequently, we will not charge Marshall with the delay from September 12, 2000 to November 21, 2000, because the trial court's CCS entry clearly charged this delay to the State.

◼ Next, Marshall argues that the trial court erred by charging the delay from November 11, 2000 to March 7, 2001, to him. On November 11, 2000, the State filed a motion to continue the trial. The court granted the motion and reset the trial for March 7, 2001. The State filed its motion to continue the trial date in order to provide Marshall with the requested discovery. In particular, the State's motion states:

> [T]he defendant has requested detailed information concerning the process and procedures for the State's DNA analysis of critical physical evidence in this cause and the State has been unable to comply with that request in a timely manner.

Appellant's App. P. 79. The State finally provided Marshall with part of his discovery request on March 14, 2001. Because the November 11, 2000 continuance was based on the State's motion that indicated the delay was due to the State's inability to comply with the defendant's discovery re-

quest, the delay is not chargeable to Marshall. *See Biggs*, 546 N.E.2d at 1275.

 Finally, Marshall argues that the delay from March 7, 2001 to April 25, 2001, should not be charged to him. In particular, Marshall asserts that the prosecution failed to give him the ten days notice required under Criminal Rule 4 that the March 7, 2001 trial date was continued due to a congested court calendar. On April 10, 2001, Marshall's attorney received notice that a pretrial conference was scheduled for the following day and that the trial was scheduled for two weeks later. The notice was a proposed minute entry file stamped April 9, 2001. It was in the prosecutor's handwriting and initialed by the trial court judge. The proposed entry stated that it was made in response to the State's request before March 7, 2001, that the trial be rescheduled because of court congestion. In particular, the State claimed that there was congestion because of the election of a new judge. The trial court granted the motion and set the trial for April 25, 2001.

Criminal Rule 4(A) provides that:

[W]here there was not sufficient time to try him during such period because of congestion of the court calendar ... the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor.

Here, the prosecutor failed to file a motion for continuance due to congestion of the court calendar ten days prior to the date set for trial, March 7, 2001. Because the prosecutor failed to follow the clear mandates of Criminal Rule 4(A), the delay from March 7 to April 25 cannot be attributed to Marshall. In addition, no showing was made that the delay in filing was not the fault of the prosecutor. Thus, the resulting delay is not chargeable to the defendant.

In summary, it is the State's duty to try a defendant within one year. *Ritchison v. State*, 708 N.E.2d 604, 606 (Ind.Ct.App. 1999), *trans. denied.* The defendant does not have an obligation to remind the State of this duty. *Id.* None of the delays in trying this case was attributable to Marshall. Thus, Marshall should have been tried by March 7, 2001. By the time Marshall's case was set for trial, it was already beyond the time allowable under Criminal Rule 4. Accordingly, the trial court erred in denying the defendant's motion for discharge.

Judgment reversed.

DARDEN, J., and MATHIAS, J., concur.