

FILED

May 07 2018, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Glenn Dillard,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 7, 2018<br><br>Court of Appeals Case No.<br>49A02-1708-CR-1905<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Annie Christ-Garcia, Judge<br><br>The Honorable Ronnie Huerta, Commissioner<br><br>Trial Court Cause No.<br>49G24-1702-F6-7133 |

**Bradford, Judge.**

# Case Summary

[1] Glenn Dillard requested a speedy trial pursuant to Indiana Trial Rule 4(B) after he was charged with two counts of Level 6 felony theft and Class B misdemeanor battery. He filed a motion to dismiss after he was not brought to trial in accordance with his speedy trial request. Although the trial court found that the delay in bringing Dillard to trial was attributed to the State, it denied Dillard's motion. Because we conclude that the trial court erred in denying Dillard's motion to dismiss, we reverse the judgment of the trial court.

# Facts and Procedural History

[2] On February 22, 2017, Dillard was charged with two counts of Level 6 felony theft and Class B misdemeanor battery. At some point prior to trial, his original counsel was replaced by other counsel. On April 24, 2017, the trial court ordered that the "State [s]hall put into writing any prior convictions & or statements they intend to use at trial[.]" Appellant's App. Vol. II, p. 10. On May 2, 2017, Dillard requested a speedy trial pursuant to Indiana Trial Rule 4(B). The trial court noted that the seventy-day deadline for a speedy trial was July 11, 2017, and scheduled trial for that day.

[3] On the morning of trial, the State attempted to introduce certain incriminating and threatening statements allegedly made by Dillard. These statements included: (1) "I will get away quicker than the police will get here[;]" (2) "[B****] I know where you work and what time you work[;]" (3) "I will be long

gone by the time police come and get me[;]" (4) "[B****] I will come back and kill you. I know when you work, I know when you close[;]" (5) "Your store is easy[;]" and (6) "You get a kick out of seeing another black man down." Supp. Tr. Vol. II, pp. 13–14. Dillard argued that the statements had "never been disclosed to the Defense, so by Local Rule [the statements] shouldn't be allowed." Supp. Tr. Vol. II, p. 5. The State asserted that the statements "were disclosed to the previous defense attorney[.]" Supp. Tr. Vol. II, p. 5. The trial court ruled that "anything that has to do with threats or perceived threats is going to be excluded … but the others that don't have to do with, you know it's easy to steal, things like that has nothing to do with threats or perceived threats so you can use those." Supp. Tr. Vol. II, p. 14. At Dillard's request, the trial court granted a continuance until it could determine whether the State had disclosed the non-excluded statements.

[4] On July 18, 2017, the trial court conducted a hearing during which Dillard's prior counsel testified about the parties' discovery dispute. Both prior to and during this hearing, the deputy prosecutor represented that the challenged statements were disclosed to Dillard's prior counsel. Dillard's prior counsel, however, testified that the State did not disclose the challenged statements. While the parties presented differing accounts as to exactly what was disclosed by the deputy prosecutor, it was uncontested that the challenged statements were not disclosed in writing as required by the trial court order and the local rules. At the conclusion of the hearing, the trial court stated "I'm going to charge [the delay] to the State[.]" Tr. Vol. II, p. 7.

On July 19, 2017, Dillard filed a motion to dismiss in which he argued that the charges against him should be dismissed because the State's actions, not his own, caused the failure to bring him to trial within the seventy-day time limit set forth in Indiana Trial Rule 4(B). Following a hearing, the trial court denied Dillard's motion. Dillard sought and was granted permission to bring the instant interlocutory appeal.

# Discussion and Decision

As an initial matter, we note that the facts and circumstances presented in this case exemplify the importance of making a written record in all criminal cases and underscore the need for compliance with court orders, the trial rules, and any applicable local rules. The State was specifically ordered to disclose any statements made by Dillard that it intended to use at trial in writing. In addition, Marion County Local Rule LR49-CR00-107(2)(a) provides that "The State shall disclose the following material and information within its possession or control … (2) Any written, oral or recorded statements made by the accused or by a codefendant, and a list of witnesses to the making and acknowledgement of such statements." Noncompliance with court orders, the trial rules, and applicable local rules negatively impacts fairness to the parties and, in the name of just results, should be avoided. This is not to suggest that all failures to comply with court orders, trial rules, and local rules relating to discovery should automatically result in reversal. Reversal is only warranted where a failure to comply with discovery rules results in prejudice. Stated

differently, court orders and local rules relating to discovery are not designed to be "gotcha technicalities" used to manipulate the proceedings, but instead aim to insure fairness and order during the exchange of discovery.

[7] Dillard contends that the trial court erred in denying his motion to dismiss. Specifically, he argues that because the delay in bringing him to trial was attributed to the State, the charges against him should have been dismissed due to the violation of his speedy trial request. Indiana Trial Rule 4(B)(1) provides, in relevant part, as follows:

> If any defendant held in jail on an indictment or an affidavit shall move more an early trial, he *shall* be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act….

(Emphasis added). "The determination of whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee largely depends on the specific circumstances of the case." *Wheeler v. State*, 662 N.E.2d 192, 193 (Ind. Ct. App. 1996).

[8] "The objective of pretrial discovery is to promote justice and to prevent surprise by allowing the defense adequate time to prepare its case." *Campbell v. State*, 500 N.E.2d 174, 182 (Ind. 1986). We have concluded that "[a] defendant is responsible for any delay caused by his action including seeking or acquiescing in any continuance." *Wheeler*, 662 N.E.2d 192, 193 (Ind. Ct. App. 1996). However, "[t]o put the defendants in a position whereby they must either go to

trial unprepared due to the State's failure to respond to discovery requests or be prepared to waive their rights to a speedy trial, is to put the defendants in an untenable situation." *Biggs v. State*, 546 N.E.2d 1271, 1275 (Ind. Ct. App. 1989). Thus, "we will not charge the defendants with any delay that may appear to have resulted from" the State's failure to respond to discovery requests. *Id*.

[9] In *Marshall v. State*, the defendant requested a continuance because of the State's alleged failure to comply with his discovery requests. 759 N.E.2d 665, 667 (Ind. Ct. App. 2001). Marshall appealed the denial of his motion for discharge that he filed after the State failed to bring him to trial in accordance with Trial Rule 4. *Id*. at 668. On appeal, we acknowledged that a defendant is generally responsible for any delay caused by his seeking a continuance. *Id*. at 669 (citing *Wheeler*, 662 N.E.2d at 193). However, relying on *Biggs*, we concluded that "a defendant cannot be charged with the delay if the defendant made his motion because the State failed to comply with a discovery request." *Id*. We further concluded that the trial court erred in denying Marshall's motion for discharge.

[10] Likewise, in *State v. Black*, we noted that "in an effort to hold the State accountable for the [discovery delay], and consistent with the [reasoning set forth in *Biggs* and *Marshall*], the trial court granted Black's request for a continuance and charged the delay to the State. As such, Black was not charged with any of the trial delays." 947 N.E.2d 503, 508 (Ind. Ct. App. 2011) (internal record citation omitted). We concluded that if our analysis relating to the discovery delay was "the end of our analysis" and the only issue before the

court, "we would affirm the trial court's discharge of [the charges filed against] Black."[1]

[11] On the morning of trial, Dillard was placed in the untenable situation of having to go to trial unprepared or waive his request for a speedy trial after the State attempted to introduce previously undisclosed statements in violation of the trial court's written discovery order. These statements were prejudicial and, if admitted without prior disclosure, would have negatively impacted Dillard's right to a fair trial. Thus, at Dillard's request, the trial court granted a continuance until such a time that it could question Dillard's prior counsel about whether the State had disclosed the statements at issue. Upon determining that the State had not, the trial court ordered that the delay would be charged to the State. It is clear that if not for the State's failure to disclose these statements in accordance with the trial court's April 24, 2017 order and the applicable local rules, the matter would have proceeded to trial as scheduled and Dillard's request for a speedy trial under Trial Rule 4(B) would have been honored. As such, in light of our prior opinions in *Biggs*, *Marshall*, and *Black*, we conclude that the trial court erred in denying Dillard's motion.

[12] In reaching this conclusion, however, we note that another, arguably better, option that would have been available to the trial court would have been for it to have excluded all of the statements at issue, as the State did not have proof

---

[1] We ultimately reversed the trial court's order on grounds not related to the discovery question. *Black*, 947 N.E.2d at 508–09.

that it had provided those statements in writing to the defense. Then, having excluded the statements, the trial could have proceeded as scheduled, within the seventy-day period.

[13] The judgment of the trial court is reversed and the matter remanded with the instruction to grant Dillard's motion to dismiss.

Baker, J., concurs.

Kirsch, J., dissents.