

**FILED**

May 10 2023, 9:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Batesville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher G. Wellman, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | May 10, 2023 <br><br> Court of Appeals Case No. 22A-CR-1673 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Charnette D. Garner, Judge <br> The Honorable Ronnie Huerta, Magistrate <br><br> Trial Court Cause No. 49D35-2103-CM-6761 |

**Opinion by Judge Weissmann**
Judges Bailey and Brown concur.

**Weissmann, Judge.**

Charged with three alcohol-related driving offenses, Christopher Wellman repeatedly asked the trial court to continue his case because the State had not yet provided the results of a blood test to which Wellman submitted on the night of his arrest. After 13 months of waiting, Wellman moved for discharge under Indiana Criminal Rule 4(C).

The trial court denied Wellman discharge, attributing the 13-month delay to his "trial strategy" of waiting for the test results rather than forcing the State to proceed to trial without them. In so doing, the court effectively faulted Wellman for having to choose between his right to prepare a defense and his right to a speedy trial. But it was not Wellman's action that placed him in that untenable position. We therefore reverse and remand for the trial court to discharge Wellman under Criminal Rule 4(C).

## Facts

Police arrested Wellman for operating a vehicle while intoxicated, and in compliance with Indiana's implied consent law, Wellman submitted to a blood draw. The next day—March 5, 2021—the State charged Wellman with three alcohol-related driving offenses, including operating a vehicle with an "alcohol concentration equivalent" of 0.15 grams or more. Ind. Code § 9-30-5-1(b). The State promptly sent Wellman's blood samples to a state laboratory for testing,

and pursuant to local court rules, the State was required to provide Wellman with the test results. LR49-CR00-107(a)(4).[1]

[4] Over the next 13 months, the parties engaged in numerous pretrial conferences, all while awaiting Wellman's blood test results and with Wellman consistently requesting continuances on that basis. Specifically, at Wellman's initial hearing in April 2021, defense counsel reported that Wellman had not yet received discovery or "labs" from the State. Tr. Vol. II, p. 6. At the next three pretrial conferences, held in May, July, and August, defense counsel repeated that Wellman was still awaiting a plea offer and "labs." *Id.* at 10, 14, 19. During the August conference, the trial court confirmed that the State had submitted Wellman's blood samples for testing in March. *Id.* at 19. Yet Wellman was still awaiting a plea offer and "lab results" at the next two pretrial conferences, held in September and October. *Id.* at 22, 25.

[5] Neither party ever requested a trial date. By the December pretrial conference, the State had tendered a plea offer, but Wellman's blood test results were still not available. *Id.* at 28. At the next two pretrial conferences, held in January and February of 2022, Wellman repeated his request for "lab results." *Id.* at 31, 33. Finally, on April 5, 2022—396 days after he was charged—Wellman moved

---

[1] LR49-CR00-107(a) provides, in pertinent part: "The State shall disclose the following material and information within its possession or control: . . . (4) Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons."

for discharge under Criminal Rule 4(C), asserting that the State failed to bring him to trial within one year. The State received the test results exactly one week later.

[6] At the discharge hearing, the trial court put the onus on Wellman for his case not being tried in a timely manner, stating, among other things: "I've always considered lab results as a trial strategy," *id.* at 53; "[Defendants] need to hold [the State's] feet to the fire," *id.* at 62-63; and "You [Wellman] could've filed for a discovery deadline saying look, Judge, this is taking too long." *Id.* at 63. Ultimately, the court attributed to Wellman the delay caused by the State's failure to produce Wellman's blood test results, effectively concluding that the State's one-year countdown under Criminal Rule 4(C) was paused on the date of Wellman's initial hearing.[2] The trial court denied Wellman's motion for discharge, and Wellman filed this interlocutory appeal.

## Discussion and Decision

[7] Wellman argues that the trial court erred in denying his motion for discharge under Indiana Criminal Rule 4(C), thereby violating his right to a speedy trial. When faced with Criminal Rule 4 claims, we review questions of law de novo

---

[2] At the discharge hearing, the State calculated the one-year period beginning from March 19, 2021—the date of Wellman's initial hearing. Tr. Vol. II, p. 44. Criminal Rule 4(C) is triggered by the latter of two dates: the date the defendant is arrested or the date charges are filed. The rule is not triggered by the defendant's initial hearing or arraignment. *See Watson v. State*, 155 N.E.3d 608, 615 (Ind. 2020). Because Wellman was arrested on March 4 and charged on March 5, the State's Criminal Rule 4(C) clock began ticking on March 5, 2021.

and factual findings under the clearly erroneous standard. *State v. Harper*, 135 N.E.3d 962, 972 (Ind. Ct. App. 2019) (citing *Austin v. State*, 997 N.E.2d 1027, 1039-40 (Ind. 2013)). "Clear error is that which leaves us with a definite and firm conviction that a mistake has been made." *Austin*, 997 N.E.2d at 1040.

## I.  Speedy Trial Rights

[8]   "The right to a speedy trial is one of this country's most basic, fundamental guarantees—one much older than the nation itself." *Watson v. State*, 155 N.E.3d 608, 614 (Ind. 2020) (citing *Klopfer v. North Carolina*, 386 U.S. 213, 223-24, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967)). "It protects against 'prolonged detention without trial' as well as unreasonable 'delay in trial.'" *Id.* (quoting *Klopfer*, 386 U.S. at 224). "To safeguard these protections, the State and the courts— together, the government—have an obligation to ensure the timely prosecution of criminal defendants." *Id.* When that obligation goes unfulfilled, Criminal Rule 4(C) provides defendants a "path to ensure the speedy administration of justice."[3] *Id.* at 615.

## II.  Criminal Rule 4(C)

[9]   Criminal Rule 4(C) "places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for

---

[3] A defendant has three sources from which to assert a violation of his right to a speedy trial: (1) the Sixth Amendment to the United States Constitution; (2) Article 1, Section 12 of the Indiana Constitution; and (3) Criminal Rule 4. *Watson v. State*, 155 N.E.3d 608, 614 (Ind. 2020). This appeal only concerns the latter.

extensions of that time for various reasons." *Cook v. State*, 810 N.E.2d 1064, 1065 (Ind. 2004). The rule specifically states:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; *except where a continuance was had on his motion, or the delay was caused by his act*, or where there was not sufficient time to try him during such period because of congestion of the court calendar . . . .

Ind. Crim. Rule 4(C) (emphasis added). "[I]f a delay is caused by the defendant's own motion or action, the one-year time limit is extended accordingly." *Cook*, 810 N.E.2d at 1066.

[10] There is no dispute that Wellman requested the continuances that pushed his case past Criminal Rule 4(C)'s one-year deadline. The State asks to end the analysis there, faulting Wellman for the delay even though the continuances were based on the State's failure to produce his blood test results. Wellman points to the State's failure and claims his actions did not cause the delay.

## III. State's Delay in Providing Discovery

[11] Under Criminal Rule 4(C), a defendant generally is chargeable with a delay effected by his own motion for a continuance. *State ex rel. O'Donnell v. Cass Superior Ct.*, 468 N.E.2d 209, 210 (Ind. 1984). However, our Supreme Court has recognized an exception—which we shall call "the discovery exception"—when

the continuance is caused by the State's delay in providing discovery. As stated most recently in *Carr v. State*, 934 N.E.2d 1096 (Ind. 2010):

> When a trial court grants a defendant's motion for continuance because of the State's failure to comply with the defendant's discovery requests, the resulting delay is not chargeable to the defendant.

*Id.* at 1101 (citing *Isaacs v. State*, 673 N.E.2d 757, 762 (Ind. 1996); *see also Stephenson v. State*, 742 N.E.2d 463, 488 (Ind. 2001); *State ex rel. Bramley v. Tipton Cir. Ct.*, 835 N.E.2d 479, 481 (Ind. 2005).

The discovery exception derives from *Biggs v. State*, 546 N.E.2d 1271 (Ind. Ct. App. 1989), in which the two defendants requested a continuance due to the State's failure to procure its out-of-state confidential informant for scheduled depositions. *Id.* at 1272-73. The trial court later denied the defendants' motion for discharge under Criminal Rule 4(C), and this Court reversed the trial court's ruling on appeal. *Id.* at 1275-76. In finding the delay not attributable to the defendant, this Court reasoned:

> To put the defendants in a position whereby they must either go to trial unprepared due to the State's failure to respond to discovery requests or be prepared to waive their rights to a speedy trial, is to put the defendants in an untenable situation.

*Id.* at 1275.

This Court has since applied *Biggs* and the discovery exception in several cases in which a defendant requested a continuance due to the State's failure to

provide test results it had not yet received from a state laboratory. *See, e.g.*, *Martin v. State*, 984 N.E.2d 1281 (Ind. Ct. App. 2013) (not attributing to defendant delay caused by pendency of State's blood test results); *Marshall v. State*, 759 N.E.2d 665 (Ind. Ct. App. 2002) (not attributing to defendant delay caused by pendency of State's DNA test results); *see State v. Black*, 947 N.E.2d 503 (Ind. Ct. App. 2011) (deciding case on other grounds but approving of trial court's decision not to attribute to defendant delay caused by pendency of State's chemical analysis of alleged drugs).

## IV. Defendant's Motion for Continuance

[14]  Despite an abundance of case law recognizing and applying the discovery exception, the State argues that the delay caused by the State's failure to produce Wellman's blood test results should be attributed to Wellman because he requested the continuances that effected the delay. The State directs us to two cases in support of its argument: *Sturgeon v. State*, 683 N.E.2d 612 (Ind. Ct. App. 1997), and *Hillenburg v. State*, 777 N.E.2d 99 (Ind. Ct. App. 2002).

[15]  In *Sturgeon*, the parties agreed to continuances because the State had not yet received DNA test results from a state laboratory. 683 N.E.2d at 614. Though the trial court later found the State had been negligent in requesting those results, the court denied the defendant's motion for discharge under Criminal Rule 4(C) because the defendant had agreed to the continuances. *Id.* at 615. In affirming the trial court's ruling on appeal, this Court stated: "It does not matter that the defendant's act was justifiable or meritorious, since it is not the motive

behind defendant's actions, but the effect of his actions, that determines whether the delay is chargeable to him." *Id.* at 616 (quoting *State v. Moles*, 166 Ind. App. 632, 647, 337 N.E.2d 543, 553 (1975)).

[16] In *Hillenburg*, the defendant requested continuances due to the State's failure to provide DNA test results it had not yet received from a state laboratory. 777 N.E.2d at 105. The trial court later denied the defendant's motion for discharge under Criminal Rule 4(C), and this Court affirmed the trial court's ruling on appeal. *Id.* In attributing the delay to the defendant, this Court explained: "In *Sturgeon*, the defendant merely acquiesced in the State's requests for continuance. Here, Hillenburg affirmatively sought them of his own initiative." *Id.* at 104. This Court also reiterated: "[I]t is not the motive behind the defendant's actions, but the effect of his actions, that determines whether the delay is attributable to him." *Id.* (quoting *Sturgeon*, 683 N.E.2d at 616).

[17] To the extent *Sturgeon* and *Hillenburg* still can be considered good law, we are not compelled to follow them in this case.[4] Neither *Sturgeon* nor *Hillenburg* addressed this Court's prior holding in *Biggs* or the discovery exception in general. And the language quoted in *Sturgeon* and reiterated in *Hillenburg* derives from a long line of Criminal Rule 4 cases in which the subject delay was effected by a motion for something other than a continuance. *See State v. Grow*,

---

[4] Indiana does not recognize horizontal stare decisis. *In re C.F.*, 911 N.E.2d 657, 658 (Ind. Ct. App. 2009). While we respect the decisions of other panels, "each panel of this Court has coequal authority on an issue and considers any previous decisions by other panels but is not *bound* by those decisions." *Id.*

255 Ind. 183, 185, 263 N.E.2d 277, 278 (1970) (attributing to defendant delay effected by defendant's motion for change of judge).

## V. State's Negligence Not Required

[18] Nonetheless, the State seemingly insists that the discovery exception only applies when the State is negligent in its failure to comply with discovery. Appellant's Br. p. 13-14. Though some panels of this Court have distinguished *Biggs* and its progeny on such grounds, none has relied on this distinction in denying discharge under Criminal Rule 4(C). *See C.L.Y. v. State*, 816 N.E.2d 894 (Ind. Ct. App. 2004) (analyzing discovery delay under Indiana Juvenile Code provisions); *Paul v. State*, 799 N.E.2d 1194 (Ind. Ct. App. 2003) (analyzing discovery delay under Criminal Rule 4(B)).

[19] The State specifically points to *Cole v. State*, 780 N.E.2d 394 (Ind. Ct. App. 2002), in which this Court observed that the State "diligently complied" with the defendant's discovery requests while certain discovery exception cases involved "blatant and well-documented" discovery violations. *Id.* at 397. But this Court ultimately "follow[ed] the reasoning set out in *Moles*, *Sturgeon*, and *Hillenburg*" in denying the defendant's motion for discharge under Criminal Rule 4(C). *Id.* This Court also found that the defendant waived his discharge claim by failing to object when his trial was set beyond the one-year deadline. *Id.* n.1. Accordingly, we do not read *Cole* as requiring negligence by the State before the discovery exception applies.

To the extent the State asks us to adopt a negligence requirement, we decline. A defendant should not be forced to either waive the right to a speedy trial or proceed to trial unprepared. *Biggs v. State*, 546 N.E.2d 1271, 1275 (Ind. Ct. App. 1989). And that "untenable situation" can arise with even the most innocent of State discovery delays. *Id.*

## VI. Criminal Rule 4(D)

We recognize that state laboratories sometimes face unavoidable backlogs of evidence to be tested, thereby driving delays that prosecutors cannot control. But the State has a relief valve in Criminal Rule 4(D). That rule provides:

> If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged.

Crim. R. 4(D).

In determining whether the State is entitled to a continuance under Criminal Rule 4(D), "the trial court must be satisfied that the State made a reasonable effort to procure the evidence." *Dilley v. State*, 134 N.E.3d 1046, 1049 (Ind. Ct. App. 2019). "It is well established that Criminal Rule 4 places an affirmative duty on the State to bring a defendant to trial." *Cundiff v. State*, 967 N.E.2d 1026, 1028 (Ind. 2012) (internal quotation omitted). And "[a] defendant is

under no duty to take an affirmative action to ensure his being brought to trial within the time guidelines of the rule." *State ex rel. O'Donnell v. Cass Super. Ct.*, 468 N.E.2d 209, 211 (Ind. 1984). Criminal Rule 4(D) keeps the onus where it belongs—on the State—while allowing latitude when circumstances beyond the prosecutor's control prevent the State from complying with discovery in time to bring a defendant to trial by the Criminal Rule 4(C) deadline.

[23] When Wellman filed his motion for discharge under Criminal Rule 4(C), the State failed to utilize Criminal Rule 4(D). Had the State used this tool, the trial court could have determined whether the State engaged in "reasonable efforts" to obtain Wellman's blood test results. Although the record does not reveal the reason behind the 13-month delay in obtaining the blood test results, Wellman's request for discharge finally spurred action from the State. The prosecutor emailed a coworker who regularly corresponds with the laboratory, and the State had the results back within a week. Tr. Vol. II, p. 60. The trial court noted this same pattern "has been going on for years." *Id.* at 64. This begs the question of whether due diligence by the State could have produced Wellman's results within the timeframe established by Criminal Rule 4(C).

## Conclusion

[24] Because Wellman's continuances were based on the State's failure to produce his blood test results, the 396-day delay effected by those continuances was not attributable to Wellman. In the end, the State failed to bring Wellman to trial within the one-year deadline established by Criminal Rule 4(C). We therefore

reverse the trial court's judgment and remand with instructions for the court to grant Wellman's motion for discharge under that rule.

[25] Reversed and remanded.

Bailey, J., and Brown, J., concur.