STATE of Indiana, Appellant–Plaintiff,

v.

Charles BLACK, Appellee–Defendant.

No. 48A02–1011–CR–1384.

Court of Appeals of Indiana.

May 10, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

KIRSCH, Judge.

The State of Indiana appeals from the trial court's discharge of Charles Black, who had been charged with dealing in cocaine[1] as a Class A felony, possession of marijuana[2] as a Class D felony, possession of a controlled substance[3] as a Class D felony, maintaining a common nuisance,[4] a Class D felony, possession of a firearm by a serious violent felon,[5] a Class B felony, and was alleged to be an habitual offender.[6] The State raises the following issue for our review: whether the trial court erred in granting discharge on the basis of an alleged violation of Indiana Rule of Criminal Procedure 4(C) ("Criminal Rule 4(C)") where Black and his counsel were present when Black's trial date was scheduled outside the one-year period and yet raised no objection to that date.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On October 22, 2009, the State charged Black with dealing in cocaine, possession of marijuana, possession of a controlled substance, maintaining a common nuisance, and possession of a firearm by a serious violent felon. In an amended information, which was filed with the trial court on October 4, 2010, Black was also alleged to be an habitual offender. *Appellant's App.* at 45–51. On October 23, 2009, the trial court entered a standing discovery order. *CCS* at 1.[7] On December 15, 2009, Black's counsel filed a request for specific discovery relating, in part, to any pertinent video that might be in the State's possession. *Appellant's App.* at 65. During a status hearing held on January 4, 2010, the State indicated that it was awaiting production of a DVD. *CCS* at 2. The State's discovery remained outstanding as of a January 13, 2010 pre-trial conference. *Id.: Appellant's App.* at 65. The parties participated

---

1. *See* Ind.Code § 35–48–4–1.

2. *See* Ind.Code § 35–48–4–11.

3. *See* Ind.Code § 35–48–4–7.

4. *See* Ind.Code § 35–48–4–13(b).

5. *See* Ind.Code § 35–47–4–5.

6. See Ind.Code § 35–50–2–8.

7. The chronological case summary ("CCS") contained in the appellant's appendix contains only the first and third pages of the three-page CCS. *Appellant's App.* at 1–2. The clerk's folder, which is part of the record before us, contains a "Notice of Completion of Clerk's Record," which was filed December 22, 2010, and to which is attached a complete copy of the CCS. Therefore, our reference to the CCS is a reference to that document found in the clerk's folder.

in a February 10, 2010 telephonic pre-trial conference; again, the State's discovery remained incomplete. *CCS* at 2; *Appellant's App.* at 66.

On March 15, 2010, the State appeared by counsel, and Black appeared in person and with counsel. The chronological case summary ("CCS") notation for that date states: "Trial by jury set to commence 8/17/10 at 9:00 a.m. (1st choice)," a date still within the one-year period set forth in Criminal Rule 4(C). *CCS* at 2; *Appellant's App.* at 66. A pretrial hearing was held on July 12, 2010, and the August 17 trial date was confirmed. *Appellant's App.* at 66.

On August 12, 2010, five days before the trial date, Black filed a motion to exclude evidence of drug analysis from trial for the reason that the State had failed to fully comply with discovery. *Id.* In response, on August 13, 2010, the State filed a "Notice to the Court," which stated that the requested lab results had been transmitted to the State on August 13 and that the State transmitted those results "to defense counsel by facsimile transmission within one hour o[f] receipt." *Id.* at 38.

At an August 16, 2010 hearing on Black's motion to exclude the evidence, the following exchange occurred between Andrew Hopper (the prosecutor), John Tompkins (defense counsel), and the trial court:

> MR. TOMPKINS: . . . I found out from Mr. Hopper this morning the drugs didn't go to the lab until last week. I don't understand that delay. My client has been in custody since October of '09. We came to the final pretrial in July. Indicated we were gonna go forward with trial. I think at the very latest those drugs should have been submitted to the lab the following week, if not the week of final pretrial once we indicated we were confirming for trial this week. That delay is not the defense's fault.

> The reason we don't have more and we only got this Friday is because the date that the drugs were submitted. Obviously if they can get a turnaround within a week, I could have had this a month ago if they waited til the final pretrial which I would of understood not going to the expense until we confirmed the trial. But I don't understand why they don't submit it until the week before. . . .

> . . . .

> MR. HOPPER: . . . In response to Mr. Tompkins, the particular time when this specimen was collected [was] when Anderson Police Department was transitioning out of having their in-house chemist and relying on the State Police. This is one of the cases that fell right in that transition time. . . .

> JUDGE: Well, Mr. Tompkins, there are two options. One is the exclusion of the evidence which is a kin [sic] to a mistrial which is an extreme remedy, and the other is for you to preserve the record and request a continuance.

> MR. TOMPKINS: Your Honor, I'm sitting uncomfortably close to my client who is in custody to ask for a continuance. Our request . . . is that it be excluded. I know we still have time before the three hundred and sixty-five (365) days because it was an October arrest, and he's been in custody continuously since. So I . . . know the Court could continue it and still be within the criminal 4 time line. . . .

> . . . .

> JUDGE: . . . I am unlikely to exclude the evidence because that's like a mistrial. What I'm really interested in is how does this affect your case? We all know, for example, this is a[n] allegation of drug dealing. We all know that there are gonna be lab tests, and it's either gonna say one thing or the other. It

... is what the State is claiming it is, or it's not. And so my question I guess really is are you prepared sufficiently to go to trial tomorrow....

*Tr.* at 6–8. Defense counsel explained that although he had the lab results, he needed extra time to confirm that the correct protocol in testing the drug sample had been followed, especially in light of the fact that the testing had been done under rushed conditions. *Id.* at 8–9.

The trial court granted Black's request for a continuance and charged the delay to the State. Thereafter, the trial court set the trial date. Noting that trials in Madison Circuit court traditionally begin on Tuesdays, the trial court inquired into the attorneys' availability for trial. *Id.* at 10–11. The prosecutor stated that he was unavailable the weeks of September 7 and September 14, 2010. *Id.* at 11. Defense counsel indicated he was available to begin trial on September 21, September 28, or October 12, 2010; all dates within the one-year deadline under Criminal Rule 4(C). *Id.* Without further explanation, the trial court set Black's trial for November 23, 2010; a date that was outside the one-year period. *Id.* at 12. Defense counsel did not object. *Id.* On August 17, 2010, the trial court, on its own motion, reset the trial for November 16, 2010. *Appellant's App.* at 2. The CCS reveals that the trial date was reset "with the agreement of the State and [Black's] counsel." *CCS* at 3.

On November 10, 2010, Black filed an Objection to Trial Date and Motion for Discharge Under Criminal Rule 4(C), contending that the charges should be dismissed because the trial date was set be-

yond the one-year limit through no fault of his own. *Appellant's App.* at 52–53, 66. In response, the State argued that Black waived this error when he learned within the one-year period that the trial was set outside the Criminal Rule 4(C) timeframe yet failed to make a timely objection. *Id.* at 62. Following a November 15, 2010 hearing on the motion, the trial court issued its order and discharged Black pursuant to Criminal Rule 4(C). *Id.* at 65–69. The State now appeals pursuant to Indiana Code section 35–37–5–2.[8]

## DISCUSSION AND DECISION

The State contends that the trial court erred in granting Black's motion for discharge pursuant to Criminal Rule 4(C). Specifically, the State contends that there was no violation of Criminal Rule 4(C) because Black did not object to his trial date being set outside the one-year timeframe set forth in Criminal Rule 4(C). We agree.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." Article I, Section 12 of the Indiana Constitution also guarantees that "[j]ustice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

■ The provisions of Indiana Criminal Rule 4(C) implement a defendant's speedy trial right by establishing time deadlines by which trials must be held. *Dean v. State,* 901 N.E.2d 648, 652 (Ind.Ct.App. 2009), *trans. denied.* The rule reads in part:

8. Indiana Code section 35–38–4–2 provides in pertinent part:
Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:
. . . .

(2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar. . . .

Ind.Crim. Rule 4(C). A defendant may seek and be granted a discharge if he is not brought to trial within the proper time period. *State v. Delph,* 875 N.E.2d 416, 419 (Ind.Ct.App.2007), *trans. denied* (2008).

▰ Under this rule, the State has an affirmative duty to bring the defendant to trial within one year of being charged or arrested, but extensions are allowed for various reasons. *Cook v. State,* 810 N.E.2d 1064, 1065 (Ind.2004). For instance, "[i]f a delay is caused by the defendant's own motion or action, the one-year time limit is extended accordingly." *Frisbie v. State,* 687 N.E.2d 1215, 1217 (Ind.Ct. App.1997), *trans. denied* (1998) (citation omitted). A defendant has no obligation to remind the trial court of the State's duty, nor is he required to take any affirmative action to see that he is brought to trial within the statutory time period. *State v. Smith,* 495 N.E.2d 539, 541 (Ind.Ct.App. 1986). Nevertheless, a defendant waives his right to a speedy trial if the defendant is aware or should be aware of the fact that the trial court has set a trial date beyond the applicable time limitation, and the defendant does not object to the trial date. *Blair v. State,* 877 N.E.2d 1225, 1232 (Ind.Ct.App.2007), *trans. denied* (2008); *see also Hood v. State,* 561 N.E.2d 494, 496 (Ind.1990) (failure "to object at

the earliest opportunity" to a trial date beyond time period allowed waives the issue).

A determination of whether the Criminal Rule 4(C)'s one-year timeframe has been violated requires various considerations. First, the court must determine what date marks the beginning and end of the one-year timeframe. The one-year period commences with the date of the defendant's arrest or the filing of the information, whichever is later. Crim. R. 4(C). The determination of this date can be complicated where a defendant is charged with multiple offenses on different days or where charges are dismissed and later refiled. *See* 16B William Andrew Kerr, Indiana Practice: Criminal Procedure § 19.3b (1998). The facts before us present no such complication. Here, the parties agree that the one-year period ran from the date of the filing of the information, October 22, 2009, until October 22, 2010. *See Isaacs v. State,* 673 N.E.2d 757, 762 (Ind.1996) (one-year period commences with date of arrest or filing of information, whichever is later). The trial court set two trial dates in November 2010, both of which were outside this one-year period.

▰ As a general rule, when a defendant seeks or acquiesces in a delay, the time limitations set by Criminal Rule 4 are extended by the length of the delay. *State v. Isaacs,* 757 N.E.2d 166, 168 (Ind.Ct.App. 2001), *trans. denied* (2002). Because a Criminal Rule 4 deadline may be extended by a defendant's delay of trial or request for a continuance, not every trial that is set outside the one-year timeframe violates Criminal Rule 4(C). *Frisbie,* 687 N.E.2d at 1217. Therefore, the second consideration is whether the defendant is chargeable with any delays or requests for a continuance. Black made just one request for a continuance. At the August 16, 2009

hearing, Black requested that the trial be continued due to the State's failure to comply with discovery requests. Our appellate courts have noted that the "objective of pretrial discovery is to promote justice and to prevent surprise by allowing the defense adequate time to prepare for its case." *Biggs v. State*, 546 N.E.2d 1271, 1275 (Ind.Ct.App.1989) (citing *Campbell v. State*, 500 N.E.2d 174, 182 (Ind.1986)). "To put the defendants in a position whereby they must either go to trial unprepared due to the State's failure to respond to discovery requests or be prepared to waive their rights to a speedy trial, is to put the defendants in an untenable situation." *Marshall v. State*, 759 N.E.2d 665, 670 (Ind.Ct.App.2001); *Biggs*, 546 N.E.2d at 1275. In *Marshall*, we held that, where "the State failed to comply with a discovery request," the delay in bringing a defendant to trial should be charged to the State and not to the defendant. 759 N.E.2d at 669. Here, in an effort to hold the State accountable for the late production of the laboratory results, and consistent with the above reasoning, the trial court granted Black's request for a continuance and charged the delay to the State. *Appellant's App.* at 68. As such, Black was not charged with any of the trial delays.

■ If this was the end of our analysis, we would affirm the trial court's discharge of Black pursuant to Criminal Rule 4(C). Under the facts of this case, however, we must consider one final question: whether Black waived his right to be discharged pursuant to Criminal Rule 4(C), regardless of which party was charged with the delay. As the State correctly notes, the issue of waiver is distinct from the issue of which party is charged with a delay. *Appellant's Br.* at 5.

In its order discharging Black, the trial court cited to *Marshall*. In *Marshall*, we noted that it is the State's duty to try the defendant within Criminal Rule 4(C)'s one-year timeframe and "the defendant is under no obligation to remind the State of its duty." 759 N.E.2d at 669 (citing *Biggs*, 546 N.E.2d at 1276). On appeal, this court held that Marshall was properly discharged pursuant to Criminal Rule 4(C) when his trial date was set outside the one-year period and none of the delays in trying the case were attributable to the defendant. As almost an afterthought, however, this court noted, "By the time Marshall's case was set for trial, it was already beyond the time allowable under Criminal Rule 4." *Marshall*, 759 N.E.2d at 671. That brief statement highlights why *Marshall* is not controlling to the outcome of the case before us.

Our court has previously held:

[W]hen, prior to the expiration of the period set by [Criminal Rule 4], the court sets a trial date which is beyond that period and the defendant is or should be aware that the setting is beyond that period, it is his obligation to object at the earliest opportunity so that the court can reset the trial for a date within the proper period. If the defendant sits idly by at a time when the court could yet grant him a trial within the proper period and permits the court, without objection, to set a date beyond that period, he will be deemed to have acquiesced therein.

*Delph*, 875 N.E.2d at 420 (quoting *Little v. State*, 275 Ind. 78, 81, 415 N.E.2d 44, 46 (1981)). This requirement supports the purpose of Criminal Rule 4, *i.e.*, to assure early trials, not to discharge defendants. *Brown v. State*, 725 N.E.2d 823, 825 (Ind. 2000).

Here, Black was aware of the Criminal Rule 4(C) timeframe. During the August 16, 2010 hearing, defense counsel stated:

I know we still have time before the three hundred and sixty-five (365) days because it was an October arrest, and he's been in custody continuously since. So I ... know the Court could continue it and still be within the criminal 4 time line .... with the trial date *Tr.* at 7–8. Additionally, by the time of the August 16, 2010 hearing, defense counsel had the required discovery, but needed additional time to confirm that the State had followed proper procedures in processing the drug analysis. Defense counsel did not ask for an extension until November 2010, instead, when asked as to his availability, he stated that he was available to go to trial on September 21, September 28, or October 12, 2010; all dates within the one-year deadline under Criminal Rule 4(C). Without explanation, the trial court set the date for November 23, 2010, and later reset it for November 16, 2010, both of which were past the Criminal Rule 4(C) deadline.

The trial court properly charged the State with the delay required to allow Black to prepare for trial following his receipt of belated discovery from the State. However, by sitting idly by at a time when the court could still have granted Black a trial within the one-year period, Black waived any claim to discharge under Criminal Rule 4(C).

■ In *Marshall*, the defendant did not acquiesce to the trial court setting his trial date outside the one-year period because, there, the trial date was not set until *after* the one-year time period had run. *Marshall*, 759 N.E.2d at 671. By contrast, Black did acquiesce, not once but twice. On August 16, 2010, the trial court set

Black's trial for November 23, 2010; a date that was one month past the one-year timeframe. Black, however, did not object and sat idly by while there was still time for the trial court to reset the trial in compliance with Criminal Rule 4(C). By failing to object reasonably soon after August 16, 2010, Black acquiesced to the delay and waived his right to be discharged under Criminal Rule 4(C). *Delph*, 875 N.E.2d at 420. An August 17, 2010 entry in the CCS provides: "Comes now the Court on its own motion and resets this matter *with the agreement of the State and Defendant's counsel* for trial by jury on 11/16/10 at 9:00 a.m. (1st choice)."[9] By agreeing to a new trial date outside the parameters of Criminal Rule 4(C), Black acquiesced a second time to his trial being delayed, and, again, waived his right to be discharged under Criminal Rule 4(C). It was error for the trial court to discharge Black pursuant to Criminal Rule 4(C).

Reversed and remanded.

MATHIAS, J., and VAIDIK, J., concur.

---

9. "Because 'the attorney is the [defendant's] agent when acting, or failing to act, in furtherance of the litigation,' delay caused by the defendant's counsel is also charged against the defendant." *Vermont v. Brillon*, —— U.S. ——, 129 S.Ct. 1283, 1290–91, 173 L.Ed.2d 231 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).