# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOHN D. FIEREK**
Voyles, Zahn & Paul, P.A.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 08 2013, 9:21 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

HALDEN MARTIN,                            )
                                         )
    Appellant-Defendant,            )
                                         )
      vs.                        )    No. 73A01-1207-CR-300
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.             )

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable Jack A. Tandy, Special Judge
Cause No. 73D02-1007-CM-841

**April 8, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Halden Martin appeals his conviction for Class A misdemeanor dangerous operating a vehicle while intoxicated. He appeals arguing that the trial court erred in denying his Criminal Rule 4(C) motion for discharge because his trial occurred more than one year after he was charged and arrested. Because the days that count toward the Rule 4(C) period exceed 365, we conclude that the trial court should have granted Martin's motion for discharge. We therefore reverse the trial court and remand for vacation of his conviction.

## Facts and Procedural History

In the early morning hours of July 17, 2010, Shelbyville Police Department Officer Jamie Kolls pulled over Martin, who lived in Knoxville, Tennessee, on I-74 in Shelby County after Martin left Indiana Live Casino.[1] Martin tailgated a semi, crossed over the centerline several times, and crossed the fog line. Martin, who admitted to the officer that he had been at the casino for several hours and had been drinking, failed three field-sobriety tests. Martin, however, refused to submit to a chemical breath test. Martin was arrested and transported to the Shelby County Jail, where a search warrant was obtained for his blood. As it turned out, the State Department of Toxicology did not return Martin's blood-test results for nearly eight months.

On the same day as his arrest, the State charged Martin with Class A misdemeanor dangerous operating a vehicle while intoxicated. Appellant's App. p. 12. An initial hearing was held on July 19, 2010, and Martin appeared in custody and without counsel.

---

[1] It is now called Indiana Grand Casino.

2

Martin hired a Shelbyville attorney and filed motions to continue the pretrial conferences that had been set for October 6, 2010, and then November 17, 2010, both of which the trial court granted. *Id.* at 2, 23, 24, 25, 26. Martin moved to continue the October 6 pretrial conference because an offer was just received and he needed to discuss it with counsel and he was unable to travel to Indiana due to a work emergency. Martin moved to continue the November 17 pretrial conference because additional time was needed to get his blood-test results and he was unable to find transportation to Indiana.

On December 15, 2010, the trial court continued Martin's pretrial conference due to court congestion. *Id.* at 2 (a jury trial was scheduled in another case). On February 3, 2011, the trial court continued Martin's pretrial conference because the courthouse was closed for "inclement weather." *Id.* The trial court reset Martin's pretrial conference for March 2. *Id.*

On March 2, 2011, the blood-test results still were not in. So, Martin filed his third motion to continue because additional time was needed to get his blood-test results, he would miss two days of work and have to seek lodging in a hotel room, and it would be a hardship for him to reappear until his blood-test results were available for review. *Id.* at 27. The trial court granted Martin's continuance and reset the pretrial conference for April 6. *Id.* at 2, 28.

In the meantime, the State Department of Toxicology sent Martin's blood-test results to the prosecutor's office on March 9, 2011. Martin's results were 0.09 gram of alcohol per 100 milliliters of blood. *Id.* at 29. Accordingly, on March 22, the State filed an additional count, Count II, Class C misdemeanor operating a vehicle with an alcohol

concentration equivalent to at least 0.08 gram of alcohol but less than 0.15 gram of alcohol per 100 milliliters of blood. *Id.* at 30-32. The trial court scheduled an initial hearing on Count II for April 6. *Id.* at 33.

But on April 6, 2011, Martin's attorney appeared in court and requested his fourth continuance, which the trial court granted, thereby resetting the initial hearing on Count II to May 4. *Id.* at 3. The reason for this continuance does not appear in the record.

The initial hearing was held on May 4, 2011, at which time a pretrial conference was scheduled for June 1. *Id.* Martin, however, failed to appear at the June 1 pretrial conference, and a warrant was issued for his arrest. *Id.* On July 25, Martin's Shelbyville attorney withdrew, with Indianapolis attorney John Fierek having entered his appearance the week before. *Id.* at 3, 34, 35. Martin appeared in custody and with his new counsel before the trial court on August 10,[2] at which time the trial court released him on the bond previously posted. *Id.* at 4. The trial court set the matter for a jury trial on September 27, with the final pretrial conference on September 7. *Id.*

Immediately following the August 10, 2011, hearing, the State filed a motion to convert the jury trial to a bench trial, since Martin had not requested a jury trial. *Id.* at 38-39. The trial court converted the jury trial to a bench trial and set it for September 13. *Id.* at 4.

The pretrial conference was held on September 7, 2011, at which time Martin filed his jury demand. *Id.* at 5, 49-50. The trial court vacated the bench trial and reset the jury trial for September 27. *Id.* at 5.

---

[2] The trial court's order denying Martin's motion for discharge says August 16, 2011, but the CCS shows that Martin appeared before the trial court on August 10. Both parties agree that Martin appeared before the trial court on August 10.

4

The following day, September 8, 2011, the State filed its Supplemental Notice of Discovery Compliance in which it notified the trial court that it had learned of "additional items subject to discovery and has provided defense counsel" with a copy of the State Department of Toxicology's amended toxicology report dated August 24, 2011.[3] *Id.* at 51. In this same filing, the State notified the trial court and defense counsel that it had learned of an additional witness from the State Department of Toxicology, Cheryl Anderson. *Id.*

Because he needed additional time to depose Anderson, Martin filed his fifth motion to continue the September 27, 2011, trial. *Id.* at 53. Anderson reanalyzed Martin's blood sample and issued an amended toxicology report dated August 24, 2011, because the original employee who analyzed Martin's blood sample and issued the March 2011 toxicology report left her job at the Department. Martin explained that the State just added Anderson to its witness list on September 8 (even though he did not receive the list until September 12). *Id.* at 51. However, on September 7, the day before the State added Anderson to its list, the trial court held a pretrial conference at which the parties agreed to a deposition date of September 13 for three of the State's witnesses. *Id.* at 53-54. But now, Martin alleged, it was too late to schedule Anderson's deposition for that date. The trial court granted Martin's motion to continue and reset the jury trial for November 15, with the final pretrial conference on November 4. *Id.* at 61.

---

[3] There is no copy of a discovery order in the record. However, we assume there is one based on this filing by the State.

When Anderson did not appear for her October 28 scheduled deposition in Marion County[4] even though a "Subpoena *Ad Testificandum*" was sent to her via certified mail, Martin filed his sixth motion to continue the November 15, 2011, trial. *Id.* at 63. Martin said that the State Department of Toxicology notified him that Anderson was "unavailable with work commitments" on October 28. *Id.* Accordingly, Martin said that due to Anderson not appearing for the scheduled deposition it was "not now possible for [him] to properly prepare for the current Jury Trial setting. [He] will need additional time to reschedule[] the deposition o[f] the State's witness who analy[z]ed [his] blood sample." *Id.* at 64. The trial court granted Martin's motion and reset the jury trial for January 24, 2012, with the final pretrial conference on January 13. *Id.* at 65.

When Anderson did not appear for her December 27 scheduled deposition in Marion County even though a "Subpoena *Ad Testificandum*" was sent to her via certified mail, Martin filed his seventh motion to continue the January 24, 2012, trial. *Id.* at 66. Again, Martin said that the State Department of Toxicology notified him that Anderson was "unavailable." *Id.* Accordingly, Martin said that due to Anderson not appearing for the scheduled deposition it was "not now possible for [him] to properly prepare for the current Jury Trial setting. [He] will need additional time to reschedule[] the deposition o[f] the State's witness who analy[z]ed [his] blood sample." *Id.* at 67. He noted that a deposition had been rescheduled for February 15 at 10:00 a.m. and Anderson had been

---

[4] According to Indiana Trial Rule 45(D)(2), the deposition must occur in the county where the person lives or works.

6

served with a Subpoena *Ad Testificandum* via certified mail.[5] *Id.* The trial court granted Martin's motion and reset the jury trial for March 27 with the final pretrial conference on March 16. *Id.* at 68.

At the March 16, 2012, pretrial conference, Martin filed a motion for discharge pursuant to Indiana Criminal Rule 4(C) asserting that 608 days had passed since his July 17, 2010, arrest and "at least (365) days are chargeable to the State of Indiana." *Id.* at 69. Martin also requested his eighth and final continuance, which the trial court granted, resetting the jury trial to April 24, 2012. *Id.* at 7. The trial court gave the State seven days to file a response to Martin's motion for discharge, and the State timely filed a response. *See id.* at 79-87. On March 26, the trial court issued an order denying Martin's motion for discharge. *See id.* at 88-92. The trial court found numerous delays attributable to Martin because of his "pattern" of asking for continuances, his failure to appear, and his failure to actively prepare his case. *Id.* at 91.

On April 13, 2012, the State requested a continuance, and the trial court reset the jury trial to June 12. Martin objected "in order to preserve his rights under Indiana Criminal Rule Rule 4(C)" but was "aware that by the State's and the Court's calculation[] [that] this trial setting is within the time limits of Criminal Rule 4(C)." *Id.* at 93.

Thereafter, Martin waived his right to a jury trial, and the trial court held a bench trial on June 12, 2012. The State presented Officer Kolls as its sole witness. The State's exhibits consisted of the search warrant for Martin's blood draw (State's Ex. 1) and the amended August 2011 toxicology report from the State Department of Toxicology issued

---

[5] According to Martin, this deposition finally occurred on February 15, 2012. Appellant's Br. p. 13.

by Anderson (State's Ex. 2). Martin stipulated to the admission of the amended toxicology report. Tr. p. 11. Martin presented no evidence and did not cross-examine Officer Kolls.

The trial court found Martin guilty of Count I and dismissed Count II as a "related count." Appellant's App. p. 95. The trial court sentenced Martin to 365 days, with all but 30 days suspended to probation. Martin was immediately taken into custody.

Martin now appeals.

**Discussion and Decision**

Martin contends that the trial court erred in denying his Criminal Rule 4(C) motion for discharge because his trial occurred more than one year after he was charged and arrested. In relevant part, the Rule provides:

> **(C) Defendant Discharged.** No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.
>
> * * * * *
>
> **(F) Time periods extended.** When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby.

8

We review a trial court's ruling on a Criminal Rule 4(C) motion for abuse of discretion. *Curtis v. State*, 948 N.E.2d 1143, 1149 (Ind. 2011).

Criminal Rule 4(C) "places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for extensions of that time for various reasons." *Cook v. State*, 810 N.E.2d 1064, 1065 (Ind. 2004). The one-year period is extended by any delay due to: (1) a defendant's motion for a continuance; (2) a delay caused by the defendant's act; or (3) congestion of the court calendar or emergency. *Curtis*, 948 N.E.2d at 1149; *Cook*, 810 N.E.2d at 1065; *Isaacs v. State*, 673 N.E.2d 757, 762 (Ind. 1996). "[W]hen a defendant takes action which delays the proceeding, that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not." *Cook*, 810 N.E.2d at 1066-67. "A defendant extends the one-year period by seeking or acquiescing in delay resulting in a later trial date." *Pelley v. State*, 901 N.E.2d 494, 498 (Ind. 2009), *reh'g denied*. "The objective of the rule is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial. *Brown v. State*, 725 N.E.2d 823, 825 (Ind. 2000).

Here, the record shows that Martin moved for seven continuances before filing his Criminal Rule 4(C) motion for discharge on March 16, 2012, and then moved for his eighth continuance in that same hearing. In denying Martin's motion for discharge, the trial court found that 230 days counted toward the Rule 4(C) period; the State does not

challenge this calculation on appeal.[6]  Appellant's App. p. 90.  The trial court then charged four periods of delay to Martin: (1) October 6, 2010, to December 15, 2010, because Martin caused the delay by continuing pretrial conferences; (2) March 2, 2011, to May 4, 2011, because Martin caused the delay by continuing pretrial conferences; (3) June 1, 2011, to August 10, 2011, because of Martin's failure to appear; and (4) September 27, 2011, to March 26, 2012, because Martin's motions to continue based on his asserted difficulties in scheduling Anderson's deposition resulted from his failure to actively prepare his case.  In order to determine whether the trial court erred in denying Martin's motion for discharge, we decide whether the time not attributable to Martin's delays, court congestion, or emergency exceeds 365 days.  *See Curtis*, 948 N.E.2d at 1150 ("Thus, for ease of analysis, we decide whether the time not attributable to defendant's delays, court congestion, or emergency exceeds 365 days.").  We start with the 230 days the trial court counted toward the Rule 4(C) period, which the State does not challenge on appeal.

### A. October 6, 2010, to December 15, 2010

Martin filed a motion to continue the October 6 pretrial conference because (1) "[a]n offer was just received in this matter and additional time is needed in which to discuss it with the defendant" and (2) Martin was "unable to travel to Indiana today for a

---

[6]  The trial court calculated the 230 days as follows:

- July 16, 2010, to October 5, 2010, for 82 days
- December 16, 2010, to March 2, 2011, for 77 days
- May 4, 2011, to June 1, 2011, for 29 days
- August 17, 2011, to September 27, 2011, for 42 days

Appellant's App. p. 89-90.  The State does not challenge the calculation of any of these periods on appeal, even though one of these periods appears to be due to court congestion and court closure due to weather.

10

hearing due to an emergency at work." Appellant's App. p. 23. The trial court continued the pretrial conference to November 17. The trial court charged the delay from October 6 to November 17 to Martin because he requested the continuance. *Id.* at 89-90.

Martin claims it was error for the trial court to charge him with the delay because a defendant does not abandon his right to be tried within one year simply because he engages in informal plea negotiations with the State. Martin relies on *Leek v. State*, 878 N.E.2d 276 (Ind. Ct. App. 2007). But *Leek* does not hold that if a defendant bases his motion to continue on plea negotiations, the resulting delay cannot be charged to him. In *Leek*, there was an eleven-month delay that was unexplained by any CCS entries. *Id.* at 278. The defendant did not file a motion to continue; rather, he requested a change-of-plea hearing and then took no action to delay the trial during the eleven-month delay. *Id.* at 279. This case is different. Martin filed a motion to continue because (1) an offer "was *just* received" and counsel needed to discuss it with Martin (not the State) and (2) Martin had a work "emergency" and could not travel to Indiana. Appellant's App. p. 23 (emphasis added). Given these circumstances, the trial court properly charged the 43-day delay from October 6 to November 17 to Martin. Thus, the 230 days not challenged by the State still count toward the Rule 4(C) period.

Martin then filed a motion to continue the November 17 pretrial conference because (1) "additional time is needed in which to get the blood results back" and (2) Martin "resides in Tennessee and is unable to find a ride to bring him to Court this court date." *Id.* at 25. The trial court continued the pretrial conference to December 15, a date

requested by Martin. The trial court charged the delay to Martin because he requested the continuance. *Id.* at 89-90.

Martin argues that pursuant to *Biggs v. State*, 546 N.E.2d 1271 (Ind. Ct. App. 1989), and its progeny, this time period cannot be charged to him because the State did not have the blood-test results. *Biggs* and the cases that rely on *Biggs* hold that even if the defendant is the one who files the motion to continue, the delay can still be charged to the State. In *Biggs*, the defendants, who were charged with dealing in cocaine and marijuana, filed a motion to continue because the State's confidential informant failed to appear for a scheduled deposition. The defendants asked that the trial be delayed until such time as the defendants' discovery requests were complied with by the State so that they would be adequately prepared for trial. *Id.* at 1275. This Court held:

> To put the defendants in a position whereby they must either go to trial unprepared due to the State's failure to respond to discovery requests or be prepared to waive their rights to a speedy trial, is to put the defendants in an untenable situation. Therefore, we will not charge the defendants with any delay that may appear to have resulted from the . . . motion for a continuance.

*Id.*; *see also State v. Black*, 947 N.E.2d 503, 507-08 (Ind. Ct. App. 2011) (The defendant requested a continuance due to the State's failure to comply with discovery requests; in an effort to hold the State accountable for the late production of the laboratory results, the trial court granted the defendant's request for a continuance and charged the delay to the State); *Marshall v. State*, 759 N.E.2d 665, 669 (Ind. Ct. App. 2001) ("Generally, a defendant is responsible for any delay caused by his action including seeking or acquiescing in any continuance. However, a defendant cannot be charged with the delay if the defendant made his motion because the State failed to comply with a discovery

12

request. In this instance, Marshall filed his motion for a continuance on August 2, 2000, because he could not prepare for trial without the DNA evidence from the State. The trial court granted this request and reset the trial to October 5. Thus, the State's failure to respond to his discovery request caused this delay and as such, Marshall is not accountable for the delay of the August 30, 2000 trial date." (citations omitted)).

When Martin filed the November 17 motion to continue, which was four months after his arrest, the blood-test results were not back from the State Department of Toxicology. Although as the State points out a trial date had not been set (implying that there was no hurry for the results), the results were nevertheless critical to preparing for and defending Martin's case. Because Martin could not adequately prepare for trial without the blood-test results, the 28 days from November 18[7] to December 15 count toward the Rule 4(C) period, bringing the total to 258 days.

*B. March 2, 2011, to May 4, 2011*

Martin filed a motion to continue the March 2 pretrial conference because (1) "[a]dditional time is needed in which to obtain the blood test results in this matter," (2) he "resides out of State in Knoxville, Tennessee and has to rely on someone else to drive him since he is without a driver's license," (3) an "appearance in Court would require him to miss nearly 2 days of work and a 1 night stay in a hotel," and (4) it "would be a hardship on [him] to re-appear until such time as the blood test results are available for review." Appellant's App. p. 27. The trial court reset the hearing for April 6. For the same reason as above—Martin could not adequately prepare for trial without the blood-

---

[7] We already counted November 17 in the previous period; therefore, we start with November 18 so we do not count the day twice.

13

test results—the 36 days from March 2 to April 6 count toward the Rule 4(C) period, bringing the total to 294 days.

In the meantime, Martin's blood-test results came in, and the State added Count II. The trial court scheduled an initial hearing on Count II for April 6. On April 6, Martin's attorney appeared in court and requested his fourth continuance. *See* Appellant's App. p. 3 (CCS entry provides, "Defendant appears by counsel, Mark McNeely. Counsel requests hearing be reset. Granted."). The trial court granted this continuance, resetting the initial hearing to May 4. Martin says the record is "silent" as to why he requested this continuance, and where the record is silent or ambiguous about the reason for the delay, it is not attributable to the defendant. Appellant's Br. p. 9 (citing *Nance v. State*, 630 N.E.2d 218, 221 (Ind. Ct. App. 1994), *overruled on other grounds by Cook v. State*, 810 N.E.2d 1064 (Ind. 2004)). But here the record is clear about the reason for the delay—Martin requested the continuance. The trial court properly charged Martin with the 28-day delay from April 7[8] to May 4, leaving the total at 294 days toward the Rule 4(C) period.

### *C. June 1, 2011, to August 10, 2011*

At the May 4 initial hearing, the trial court scheduled a pretrial conference for June 1. Martin, however, failed to appear at the June 1 pretrial conference, and a warrant was issued for his arrest. The State requested a trial date at the June 1 pretrial conference, but the trial court refused to set one because of Martin's absence. Martin appeared in custody and with his new counsel before the trial court on August 10, at

---

[8] We already counted April 6 in the previous period; therefore, we start with April 7 so we do not count the day twice.

14

which time the trial court released him on the bond previously posted. The trial court set the matter for a jury trial on September 27, with the final pretrial conference on September 7. The trial court charged the delay from June 1 to August 10 to Martin because of his failure to appear. Appellant's App. p. 90.

Martin argues that the trial court erred in charging the delay to him by comparing his case to *Schwartz v. State*, 708 N.E.2d 34 (Ind. Ct. App. 1999). In *Schwartz*, the defendant appeared in court on July 29, 1996, and a pretrial conference was scheduled for October 16, 1996, at which time his trial would be set. However, the record did not show whether the pretrial conference was ever held. Rather, the record revealed that nearly a year later, on September 3, 1997, the State asked the trial court to set the case for trial. The defendant moved for discharge, but the trial court denied it, stating "Based on what I can see the key to this is you didn't appear for the pretrial conference." *Id.* at 36. On appeal, this Court held that the trial court erred by denying the defendant's motion for discharge because "[t]he record is completely silent on whether a pretrial conference was ever held." *Id.* at 37. And where the record is silent concerning the reason for a delay, the delay is not attributable to the defendant. *Id.* But even assuming that the pretrial conference was held, we noted that we "fail[ed] to see why a trial date could not have been set in his absence." *Id.*

Here, unlike *Schwartz*, the record is not silent concerning the reason for the delay. The CCS entries for June 1 provide,

> *State appears by Deputy Prosecutor Ed Zych. Defendant appears by counsel, Mark McNeely, but fails to appear in person. Warrant to be issued for the Defendant for FTA. Bond to be set by the Court. . . .*

15

Warrant or Writ of Attmnt for the Body of a Person Issued

**Pretrial Conference** (2:00 PM) . . .
*Commenced and Concluded*

Appellant's App. p. 3.  Martin was present in court on May 4 when the June 1 pretrial conference was scheduled, yet he failed to appear on June 1.  The record is clear that the pretrial conference was held, at which time a warrant was issued for Martin's arrest.  Although the State requested a trial date at the June 1 hearing, the trial court refused to set one because of Martin's absence.  This was within the trial court's discretion given that Martin was an out-of-state defendant who failed to appear and had demonstrated prior difficulties getting to Indiana because he did not have a driver's license.  The next time Martin appeared before the court was August 10.  *Id.* at 4.  Accordingly, the trial court properly charged the delay resulting from Martin's failure to appear to him, leaving the total days toward the Rule 4(C) period at 294.

*D. September 27, 2011, to March 26, 2012*

We now reach the largest period of delay in this case, which will be dispositive of this case.  Martin moved to continue the September 27 trial because he needed additional time to depose Anderson from the State Department of Toxicology.  The State just added Anderson to its witness list on September 8 (even though Martin did not receive the list until September 12).  On September 7, the trial court held a pretrial conference at which the parties agreed to a deposition date of September 13 for three of the State's witnesses; therefore, there was not enough time for Martin to schedule Anderson's deposition for September 13.  The State did not oppose the continuance.  The trial court granted

16

Martin's motion to continue and reset the jury trial for November 15, with the final pretrial conference on November 4.

When Anderson did not appear for her October 28 scheduled deposition in Marion County even though a "Subpoena *Ad Testificandum*" was sent to her via certified mail, Martin moved to continue the November 15 trial. *Id.* at 63. Martin said that the State Department of Toxicology notified him that Anderson was "unavailable with work commitments" on October 28. *Id.* Martin said that as a result of Anderson's failure to appear, it was not possible for him to properly prepare for trial. The State did not oppose the continuance. The trial court granted Martin's motion to continue and reset the jury trial for January 24, 2012, with the final pretrial conference on January 13. *Id.* at 65.

When Anderson did not appear for her December 27, 2011, scheduled deposition in Marion County even though a "Subpoena *Ad Testificandum*" was sent to her via certified mail, Martin moved to continue the January 24, 2012, trial. *Id.* at 66. Martin said that the State Department of Toxicology again notified him that Anderson was "unavailable." *Id.* Martin said that as a result of Anderson's failure to appear, it was not possible for him to properly prepare for trial. He noted that a deposition had been rescheduled for February 15 at 10:00 a.m. and Anderson had been served with a Subpoena *Ad Testificandum* via certified mail. The State did not oppose the continuance. The trial court granted Martin's motion and reset the jury trial for March 27 with the final pretrial conference on March 16. *Id.* at 68.

At the March 16 pretrial conference, Martin moved for discharge pursuant to Criminal Rule 4(C), and the trial court denied the motion on March 26. The trial court

17

attributed the delay from September 27, 2011, to March 26, 2012, to Martin. The trial

court reasoned:

> The Defendant attempted to schedule the deposition of Ms. Anderson on October 28, 2011 and December 27, 2011 without success. The parties do not agree on why Ms. Anderson's deposition did not occur. The Court agrees with the Defendant that the general principle of law is that he should not be forced to [choose between] being prepared for trial or waiving his speedy trial rights. However, a criminal defendant is expected to actively prepare his defense and is not allowed to protract his preparation and then complain of violation of his speedy trial rights.
> The Defendant did not depose known witnesses until approximately fourteen months after charges were filed. Ms. Anderson had to be substituted as a witness because the original Department of Toxicology witness left the agency's employ. Presumably, if the Defendant had more promptly . . . deposed the original Department of Toxicology witness, the issue with Ms. Anderson would not have [arisen]. The Court notes the Defendant has never asked [for] the Court's assistance with the issue of Ms. Anderson's deposition. The parties have simply agreed to continue the trial date until Ms. Anderson's deposition can be taken. The Court is unclear as to whether Ms. Anderson's deposition has occurred or if it is still being sought by the Defendant.
> The Court finds that the Defendant should not benefit by not actively preparing his defense and then complaining that his speedy trial rights have been violated. The Court holds the period of continued trial dates of September 27, 2011 through the present against the Defendant for Criminal Rule 4(c) purposes.

*Id.* at 91-92.

The trial court did not explain why the parties did not agree on why Anderson's

depositions did not occur, and notably on appeal the State does not challenge Martin's

account that Anderson was simply "unavailable" for the depositions. As for the trial

court's explanation that Martin did not depose known witnesses until approximately

fourteen months after he was charged, the witness at issue on appeal, Anderson, was not

added to the list until September 8, 2011—which was over a year after Martin was

charged. Deposing Anderson's predecessor at the State Department of Toxicology would

18

have done little good to Martin because Anderson's predecessor would not have been a witness at trial. Finally, as for the trial court's explanation that Martin did not seek the trial court's assistance in getting an order requiring Anderson to appear at a deposition at which Martin had already issued subpoenas, we note that Criminal Rule 4 puts the onus on the State to bring the defendant to trial within one year. *See Black*, 947 N.E.2d at 507 ("A defendant has no obligation to remind the trial court of the State's duty, nor is he required to take any affirmative action to see that he is brought to trial within the statutory time period."). The State did not object when Martin sought two continuances based on Anderson's failures to appear; it should have.

What this boils down to is what party should bear the responsibility of a State's witness not showing up to two scheduled depositions at which the witness was subpoenaed both times. Martin says the State Department of Toxicology told him that Anderson was "unavailable" both times, and the State does not offer a contrary explanation on appeal. Moreover, the State does not allege that Martin did not provide Anderson with reasonable notice of the depositions, which is required by Trial Rule 30(B)(1) ("A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined . . . ."). We find that the balance tips in favor of Martin and therefore conclude that the trial court abused its discretion in charging the delay to him. Thus, the 182 days from September 27, 2011, to March 26, 2012, count toward the Rule

19

4(C) period, bringing the total to 476 days.[9]  Because the days that count toward the Rule 4(C) period exceed 365, the trial court should have granted Martin's motion for discharge.  We therefore reverse the trial court and remand for vacation of his conviction.

Reversed and remanded.

BAILEY, J., and BROWN, J., concur.

---

[9] Because the days that count toward the Rule 4(C) period exceed 365 at this point in time, we do not need to address the State's motion to continue the April 24, 2012, trial.