## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 23 2019, 10:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kelly Starling
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy Jackson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 23, 2019<br><br>Court of Appeals Case No.<br>19A-CR-634<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy Jones, Judge<br><br>The Honorable Therese A. Hannah, Commissioner<br><br>Trial Court Cause No.<br>49G08-1610-CM-39141 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Timothy Jackson (Jackson), appeals his conviction for carrying a handgun without a license, a Class A misdemeanor, Ind. Code § 35-47-2-1.

We affirm.

# ISSUE

Jackson presents one issue on appeal, which we restate as: Whether the trial court erred when it denied his motion to discharge made pursuant to Indiana Criminal Rule of Procedure 4(C).

# FACTS AND PROCEDURAL HISTORY

On October 4, 2016, the State filed an Information, charging Jackson with Class A misdemeanor carrying a handgun without a license. By December 2018, Jackson had not faced trial. On December 13, 2018, Jackson filed a motion to discharge pursuant to Rule 4(C) in which he alleged that, even in light of several delays which he conceded were attributable to him, more than 365 days had elapsed since the filing of the charges against him. On January 9, 2019, the trial court held a hearing on Jackson's motion to discharge. On January 16, 2019, the trial court denied Jackson's motion, concluding: including delays caused by several State motions for continuance of Jackson's trial date, which was, by the time of the trial court's ruling, set for February 21, 2019, only 285 days had elapsed from the filing of the charges. Jackson's bench trial was subsequently moved to February 20, 2019, and the trial court found

him guilty as charged. On February 27, 2019, the trial court sentenced Jackson to 365 days, with credit for three days served, and the remainder suspended to ninety days of non-reporting probation.

Jackson now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

Jackson argues that the trial court erred when it denied his motion to discharge. When asked to review a trial court's Rule 4(C) determination where the facts are undisputed, we apply a *de novo* standard of review. *State v. Larkin*, 100 N.E.3d 700, 703 (Ind. 2018). However, we review a trial court's findings resolving disputed facts under the clearly erroneous standard. *Id.* Under that standard, we do not reweigh evidence, consider only evidence and reasonable inferences that support the judgment, and reverse only upon error "which leaves us with a definite and firm conviction that a mistake has been made." *State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013).

## II. *Rule 4(C)*

Rule 4(C) provides in relevant part as follows:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of

congestion of the court calendar; . . . Any defendant so held shall, on motion, be discharged.

It is the State's burden to bring the defendant to trial within the one-year time period provided for in Rule 4(C). *See Larkin*, 100 N.E.3d at 703. That one-year period is extended by any delay that is caused by the defendant, an emergency, or by court congestion. *Id*. at 704. If a defendant brings a motion to discharge pursuant to Rule 4(C), he bears the burden of proof to show that he was not brought to trial within the applicable one-year time limit and that he is not the party responsible for any delay. *Fuller v. State*, 995 N.E.2d 661, 664 (Ind. Ct. App. 2013), *trans. denied*.

[8] In a case such as this where neither party argues that an emergency or court congestion delayed trial, resolution of a Rule 4(C) issue can take at least two approaches, namely either determining the delays chargeable to a defendant or determining the delays chargeable to the State. Our supreme court has observed that Rule 4(C) only provides for delay attributable to a defendant and that "the rhetoric of 'delay chargeable to the State' should be avoided." *See Carr v. State*, 934 N.E.2d 1096, 1100-01 (Ind. 2010). However, it has also recognized that it is oftentimes more efficient for purposes of a Rule 4(C) review to calculate the number of delay days chargeable to the State. *See Curtis v. State*, 948 N.E.2d 1143, 1150 (Ind. 2011) ("Thus, for ease of analysis, we decide whether the time not attributable to defendant's delays, court congestion, or emergency exceeds 365 days."). Given the circumstances of this case, we elect to determine whether delays not attributable to Jackson exceeded 365 days.

## A. *Trial Level and Appellate Concessions*

The State concedes on appeal that the time between the filing of the charges on October 4, 2016, to a status hearing on October 26, 2016, (22 days), counted for the Rule 4(C) limit. The State also concedes on appeal that the delay between October 16, 2018, when it had requested a continuance of a trial date, and February 20, 2019, when Jackson was tried, is not attributable to Jackson, (128 days). In addition, as it recognizes on appeal, the State conceded in its initial response to Jackson's discharge motion that the period between October 27, 2016, and January 6, 2017, (72 days), was not chargeable to Jackson. It also conceded in its supplemental response to Jackson's discharge motion that the delay between August 15, 2018, and August 30, 2018, (16 days), was not chargeable to him. On appeal, the State changes tack and offers arguments that those delays are chargeable to Jackson, urging us to consider those delays in light of our *de novo* standard of review. Jackson counters that the State should be bound by its trial level concessions, and we agree. *See State v. Delph*, 875 N.E.2d 416, 419-20 (Ind. Ct. App. 2007) (holding the State to its concession at trial that a delay was not attributable to Delph, despite the fact that normally it would have been), *trans. denied*. Therefore, in light of the fact that the State has conceded 238 days, if we find that an additional 128 days elapsed due to delay not attributable to Jackson, the State did not bring Jackson to trial in a timely fashion.

In addition, Jackson concedes that several delays are attributable to him. Jackson does not dispute that the 188-day period between January 7, 2017, and

July 13, 2017, is attributable to him. Neither does Jackson dispute that the 42-day delay between August 15, 2017, and September 24, 2017, and the 182-day delay between January 9, 2018, and July 9, 2018, are attributable to him. In addition, Jackson conceded at the hearing on his motion to discharge that the 42-day delay between November 28, 2017, and January 8, 2018,[1] was attributable to him. We will hold him to his trial-level concessions as we did the State. *See id.* Therefore, we address only the delays that remain in dispute: three periods of delay that occurred during discovery, a delay occasioned by Jackson's motion to suppress, and a delay after the trial court denied Jackson's motion to suppress.

## B. *Discovery Delays*

### i. *July 14, 2017 to August 14, 2017 (32 days)*

[11]     Beginning in May 2017, Jackson sought to depose three officers of the Indianapolis Metropolitan Police Department. These depositions were not completed until November 22, 2017. Jackson provided notice for June 9, 2017, depositions and subpoenaed the officers for that date. Jackson next attempted to take the statements of only two of the same officers on July 7, 2017, and subpoenaed them for that day. At a July 13, 2017, status conference, Jackson's counsel represented to the trial court that two of the officers had yet to appear to be deposed and that the third officer had appeared but that the deposition

---

[1] Jackson conceded delay until July 10, 2018, but we only state the concession as to January 8, 2018, in order to avoid double counting time covered by Jackson's appellate concession.

had not been completed. According to Jackson's counsel, the officers who had not appeared had communicated "on why dates and times were not working." (Supplemental Transcript p. 2). Jackson's counsel requested a continuance to be able to complete the depositions, and the State did not object. The case was continued until August 14, 2017.

[12] Citing these events, Jackson argues that the delay between July 14, 2017, and August 14, 2017,[2] is attributable to the State because the officers did not appear for their scheduled depositions. Jackson draws our attention to *Martin v. State*, 984 N.E.2d 1281 (Ind. Ct. App. 2013), *trans. denied*, in which this court addressed delays caused by the unavailability of a State witness for deposition dates. In *Martin*, the State added a toxicologist to its witness list approximately three weeks before Martin's trial on charges stemming from his alleged operation of a vehicle while intoxicated. *Id*. at 1290. Martin attempted twice to depose the witness, each time subpoenaing her. *Id*. at 1290-19. The toxicologist did not appear at either date, citing unavailability and work commitments. *Id*. After each missed deposition date, Martin moved for a continuance of the trial date in order to depose the witness, and the State did not oppose the continuances. *Id*. After the deposition was set for a third time, Martin moved for discharge pursuant to Rule 4(C). *Id*. at 1291. The trial court denied Martin's motion, in part because it found that Martin had not actively

---

[2] Jackson conceded on appeal that another delay attributable to him began on August 15, 2017.

prepared his defense. *Id.* The trial court also reasoned that the parties did not agree on why the depositions did not occur, Martin had never requested the trial court's assistance in procuring the toxicologist's attendance, and that the parties had simply agreed to continue the trial date until the deposition could be taken. *Id.*

[13] In reversing the trial court's denial of Martin's motion, this court found that the trial court did not explain why the parties failed to agree on why the depositions did not occur as scheduled, but that the State did not contest on appeal that the toxicologist was simply unavailable for the depositions. *Id.* We also noted that Martin's delay in deposing the witness was excusable to some extent because the witness was added shortly before trial. *Id.* We rejected the trial court's reasoning that Martin should be charged with the discovery delay because he did not seek assistance of the trial court in procuring the attendance of the witness, noting that it was the State's burden to bring Martin to trial within the proscribed time limits and that Martin was under no obligation "'to take affirmative action to see that he is brought to trial within the statutory time period.'" *Id.* at 1292 (quoting *State v. Black*, 947 N.E.2d 503, 507 (Ind. Ct. App. 2011)). Observing that the State did not object to Martin's motions to continue based on the toxicologist's failure to appear and that the State did not allege that it was provided inadequate notice of the deposition dates, we concluded that the balance tipped in favor of Martin and that he should not bear the responsibility for the toxicologist's failure to appear at the two scheduled depositions. *Id.*

[14]    In light of *Martin*, we conclude that the portion of the trial court's order attributing this delay to Jackson was in error. The trial court concluded the delay was attributable to Jackson because it was "unclear from the court record the reason for continuing the depositions or if they were cancelled in advance of the subpoena date." (Appellant's App. Vol. II, p. 144). Given the representations made by Jackson's counsel at the July 13, 2017, status hearing that two of the officers had not appeared, representations which were not disputed by the State, we conclude that the trial court erred when it attributed this delay to Jackson. The trial court also noted that Jackson had not sought its assistance in compelling the attendance of the officers, a rationale which we discredited in *Martin*. On appeal, the State does not dispute that the officers were validly subpoenaed, and it did not oppose the continuance to August 14, 2017. Jackson should not be held responsible simply because two potential State witnesses did not appear for depositions. *See Martin*, 984 N.E.2d at 1292. We attribute this delay to the State, making its Rule 4(C) tally 270 days.

ii.  *September 25, 2017, to October 23, 2017 (29 days)*

[15]    At a September 25, 2017, status hearing, Jackson's counsel requested another continuance, providing "[illegible] of Depos" as the reason on the written request for continuance he submitted. (Appellant's App. Vol. II, p. 67). There is no indication in the record that the State objected to this continuance. The matter was continued to October 23, 2017. On October 18, 2017, Jackson provided notice of the depositions for November 1, 2017, and subpoenaed the officers for that date. Again, given this evidence, we find that the trial court

erred when it concluded that the delay was attributable to Jackson because the record was unclear regarding the reason for Jackson's request for a continuance. The reason provided, coupled with the fact that Jackson provided notice and re-subpoenaed the officers, indicates that Jackson was still attempting to depose the three officers because they had not appeared at their last scheduled deposition. Following *Martin*, we also attribute this delay to the State, bringing its Rule 4(C) tally to 299 days.

### iii. *October 24, 2017, to November 27, 2017 (35 days)*

[16] On October 23, 2017, Jackson and the State submitted a joint request for a continuance in order to complete discovery, and the matter was reset for November 27, 2017. On November 9, 2017, Jackson subpoenaed the officers again, and the depositions finally took place on November 22, 2017. Jackson argues that this delay is also attributable to the State because he was still attempting to depose the officers.

[17] We conclude that this delay is attributable to Jackson because, unlike the previous delays, this continuance request was made jointly. *See Larkin*, 100 N.E.3d at 704 (holding that delay is attributable to defendant where he seeks or acquiesces in delay resulting in later trial date). In addition, by October 23, 2017, there was not yet any failure of the officers to appear for the depositions scheduled on November 1, 2017. There is no indication in the record regarding why the November 9, 2017, subpoenas were necessary and why the depositions did not take place until November 22, 2017. As a result, we conclude that

Jackson failed to meet his burden of proof to show that this delay was not attributable to him. *See Fuller*, 995 N.E.2d at 664. Therefore, we do not count this delay towards the Rule 4(C) tally, which remains at 299 days.

### C. *Motion to Suppress*

[18] Jackson also argues that the delay from the filing of his motion to suppress on July 10, 2018, to August 14, 2018, the date of the hearing on the motion and the trial court's denial of same, (34 days), should be attributed to the State. "A motion to suppress is not automatically considered a delay attributable to the defendant under Rule 4(C): 'the mere filing of a motion to suppress does not of itself engender any delay . . . within the period of the rule.'" *Curtis*, 948 N.E.2d at 1150 (quoting *Moreno v. State*, 166 Ind. App. 441, 454 n.10, 336 N.E.2d 675, 683 n.10 (1975)). Delay caused by a defendant's motion to suppress may sometimes be attributable to him, but whether it is depends on the particular facts of the case. *West v. State*, 976 N.E.2d 721, 722 (Ind. Ct. App. 2012), *trans. denied*. Although the setting of a trial date is not conclusive regarding whether delay is attributable to the defendant, the making of a pre-trial motion close to the trial date militates in favor of attributing the motion to defendant. *Curtis*, 948 N.E.2d at 1150.

[19] Here, there was no trial date set when Jackson filed his motion to suppress, so proximity to any trial date is not a factor in this case. However, Jackson's motion to suppress came approximately one year and nine months after the filing of the Information, almost eight months after depositions were completed, and seven months after the State filed its last notice of discovery

compliance on December 11, 2017.  We conclude that Jackson's lack of diligence in filing his motion to suppress weighs in favor of attributing the delay to him.  This delay does not count toward the Rule 4(C) tally, which remains at 299 days.

### D. *Post-Motion to Suppress Delay*

[20] The last period in contention is that between August 31, 2018, and October 15, 2018.[3]  After the trial court denied Jackson's motion to suppress, it asked Jackson whether he desired a bench trial setting.  Jackson opted instead for an additional pre-trial conference, and the matter was set over to September 25, 2018.  On August 29, 2018, Jackson moved the trial court for a bench trial.  The trial court set a trial date for October 15, 2018.  On October 5, 2018, the State moved the trial court to continue the trial date, and it was reset for December 17, 2018.

[21] The State argues that Jackson's act on August 14, 2018, of requesting a pre-trial conference instead of a bench trial "caused the court dates to change from September 25, 2018, to October 15, 2018, after he filed his motion for bench trial." (Appellant's Br. p. 26).  However, because we have concluded that only 299 days of delay were not attributable to Jackson, we need not address this last

---

[3] We reframe the period of the last delay in dispute given our previous conclusions.  As noted above, the State conceded in its pleadings that the delay between August 15, 2018, and August 30, 2018, was not attributable to Jackson.  We also note that in its response to Jackson's motion to discharge, the State conceded that "the time from the date it filed its Motion to Continue on October 5, 2018, until December 12, 2018, is chargeable to the State[.]" (Appellant's App. Vol. II, p. 134).

disputed period of delay, because even if we were to find that all of the delay was not attributable to him, the Rule 4(C) tally would only be 345 days. In addition, the State did not offer this argument below, and so it is waived. *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004) ("[A]s a general rule a party may not present an argument or issue on appeal unless the party raised that argument or issue before the trial court.").

## CONCLUSION

[22] Based on the foregoing, we conclude that delays not attributable to Jackson did not exceed 365 days, and, thus, his Rule 4(C) trial right was not violated.

[23] Affirmed.

[24] Vaidik, C. J. and Bradford, J. concur